[No. B193182. Second Dist., Div. Five. June 2, 2008.]

MICHAEL PERLIN et al., Plaintiffs and Appellants, v.
FOUNTAIN VIEW MANAGEMENT, INC., et al., Defendants and
Appellants.

658

COUNSEL

Balisok & Associates, Russell S. Balisok and Steven C. Wilheim for Plaintiffs and Appellants.

Horvitz & Levy, Julie L. Woods, Robert H. Wright; Wroten & Associates, Kippy L. Wroten, Regina A. Casey and Sarah P. Gates for Defendants and Appellants.

OPINION

MOSK, J.—

## INTRODUCTION

In 2002, Helen Perlin (Perlin) had knee replacement surgery at Northridge Hospital. During Perlin's rehabilitation at the Woodland Care Center (Woodland), under which name Summit Care-California, Inc. (Summit Care), did business, Perlin developed a wound on her leg and returned to Northridge Hospital where she subsequently died from pneumonia. Plaintiffs, appellants, and cross-respondents Michael Perlin, David Perlin, and Elaine Crossley (plaintiffs), successors in interest and heirs to Perlin, brought an action against defendants, respondents, and cross-appellants Summit Care, Fountain View Management, Inc. (FVM), Robert Snukal, and Sheila Snukal (defendants) based on Perlin's treatment at Woodland and her death. Plaintiffs' complaint included causes of action for negligence, willful misconduct, fraud, constructive fraud, intentional infliction of emotional distress, elder abuse, and wrongful death.

The trial court granted summary judgment motions by FVM and the Snukals and excluded plaintiffs' evidence that was submitted in connection with the fraud cause of action. The jury returned a verdict in favor of plaintiffs and against Summit Care only on plaintiffs' elder abuse cause of

action and awarded plaintiffs $300,000. After remitting the verdict to $250,000 in accordance with Welfare and Institutions Code section 15657, subdivision (b)[1] and Civil Code section 3333.2, subdivision (b), the trial court entered judgment in the amount of $271,711.33, which amount included an award of $21,711.33 in interest on the jury's award for the period from the entry of the verdict until the entry of the judgment. The trial court denied plaintiffs' request for attorney fees.

Plaintiffs appeal claiming that the trial court erred in granting summary judgment to FVM and the Snukals; in excluding evidence related to plaintiffs' fraud cause of action and, in effect, "dismissing" that cause of action; and in denying plaintiffs' request for attorney fees. Defendants cross-appeal claiming that the trial court erred in granting plaintiffs interest on the jury's award for the period between the entry of the verdict and the entry of the judgment.

We affirm the judgment. In the published portion of this opinion, we hold that in order to recover attorney fees under Welfare and Institutions Code section 15657 (section 15657), part of the Act, the plaintiff must establish by clear and convincing evidence a defendant's liability for neglect, and because causation is an element of liability, the plaintiff must prove such causation under the clear and convincing evidence standard.

## BACKGROUND

Perlin, age 90, suffered from a painful arthritic condition in her knees, causing her to have difficulty walking. As a result, in March of 2002, she had total knee replacement surgery at Northridge Hospital. According to one of her doctors, the surgery went "very well"; her doctors expected her to have a full recovery. Two days after the surgery, Perlin's surgeon ordered her to begin therapy, including the use of a continuous passive motion (CPM) machine that moves the knee passively in the desired range of motion.

Shortly after the operation, Perlin was admitted to Woodland, a skilled nursing facility, where she received therapy using a CPM machine. Perlin developed a wound on her right posterior calf. Dr. Lawrence Miller testified that the wound was caused primarily by inappropriate use of the CPM machine. Ten days later, Perlin was transferred to Northridge Hospital for treatment of the calf wound. About a month later, Perlin died from pneumonia. The parties stipulated that the acts and omissions of the employees of Summit Care, doing business as Woodland, were authorized and ratified by Summit Care.

---

[1] Part of the Elder Abuse and Dependent Adult Civil Protection Act (Act; Welf. & Inst. Code, § 15600 et seq.).

Robert Snukal was a former CEO of Fountain View, Inc., a corporation that operated long-term care facilities in California and Texas. Mr. Snukal retired in about February 2002. In March 2002, Sheila Snukal was an executive vice-president of Fountain View, Inc. Neither Mr. Snukal nor Mrs. Snukal was an officer, director, or managing agent of Woodland in March 2002; neither had ever rendered care to any patient at Woodland; and neither had ever interacted with Perlin.

The trial court entered summary judgments in favor of FVM and the Snukals. After remitting a jury verdict in favor of plaintiffs against Summit Care, the trial court entered a judgment in favor of plaintiffs against Summit Care, but denied plaintiffs' motion for attorney fees. The trial court also awarded plaintiffs prejudgment interest from the date of the verdict. Plaintiffs appeal various rulings, including the denial of their motion for attorney fees. Summit Care cross-appeals as to the award of prejudgment interest.

## DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III. *Plaintiffs' Attorney Fees*

Plaintiffs contend they were entitled to an award of attorney fees against Summit Care under section 15657. The trial court properly denied attorney fees.

A. *No Right to Attorney Fees*

■ "We review the issue of statutory interpretation de novo. (*Amwest Surety Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1251 [48 Cal.Rptr.2d 12, 906 P.2d 1112].)" (*Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal.App.4th 663, 683 [38 Cal.Rptr.3d 36].) " 'When construing a statute, we must "ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 977 [90 Cal.Rptr.2d 260, 987 P.2d 727], quoting *DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387 [20 Cal.Rptr.2d 523, 853 P.2d 978].) 'The words of the statute are the starting point.' (*Wilcox,* at p. 977.) If the words are 'clear and unambiguous,' then we need look no further. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) If, however, the statutory language is not clear, then 'we may resort to extrinsic sources, such

---

*See footnote, *ante,* page 657.

as the legislative history.' (*Preston v. State Bd. of Equalization* (2001) 25 Cal.4th 197, 213 [105 Cal.Rptr.2d 407, 19 P.3d 1148].)" (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 531 [117 Cal.Rptr.2d 220, 41 P.3d 46].)

Section 15657 provides:

"Where it is proven by clear and convincing evidence that a defendant is liable for physical abuse as defined in Section 15610.63, or neglect as defined in Section 15610.57, and that the defendant has been guilty of recklessness, oppression, fraud, or malice in the commission of this abuse, the following shall apply, in addition to all other remedies otherwise provided by law:

"(a) The court shall award to the plaintiff reasonable attorney's fees and costs. The term 'costs' includes, but is not limited to, reasonable fees for the services of a conservator, if any, devoted to the litigation of a claim brought under this article.

"(b) The limitations imposed by Section 377.34 of the Code of Civil Procedure on the damages recoverable shall not apply. However, the damages recovered shall not exceed the damages permitted to be recovered pursuant to subdivision (b) of Section 3333.2 of the Civil Code.

"(c) The standards set forth in subdivision (b) of Section 3294 of the Civil Code regarding the imposition of punitive damages on an employer based upon the acts of an employee shall be satisfied before any damages or attorney's fees permitted under this section may be imposed against an employer."

Civil Code section 3294 provides, in pertinent part:

"(a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

"(b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious

disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."

Following the verdict in favor of plaintiffs, plaintiffs moved for $781,945.25 in attorney fees pursuant to section 15657. Plaintiffs argued that they were entitled to attorney fees under section 15657 because the jury found by clear and convincing evidence that one or more of Summit Care's employees acted recklessly in the medical or custodial care of Perlin, and the parties had stipulated that Summit Care ratified the acts and omissions of its employees. The jury found causation under a preponderance of the evidence standard, but was unable to reach a verdict for causation under the clear and convincing evidence standard. The trial court denied plaintiffs' motion for attorney fees on the ground that a showing of only recklessness—and not "oppression, fraud, or malice"—by clear and convincing evidence was insufficient.

On appeal, plaintiffs argue that section 15657 provides for an award of attorney fees against an employer based on the conduct of its employee upon a showing of recklessness by clear and convincing evidence, and a showing that the employer ratified the employee's conduct. Summit Care responds that section 15657's required establishment of liability by clear and convincing evidence includes the proof of causation by clear and convincing evidence, which proof plaintiffs failed to make. Summit Care contends that we may affirm the trial court's denial of plaintiffs' attorney fees motion on this ground, even though it was not the basis for the trial court's holding, because an appellate court will not disturb a decision that is correct in law merely because it was based on a wrong reason. Plaintiffs respond that although section 15657 requires that liability be proved by clear and convincing evidence, causation is distinct from liability and need only be established by a preponderance of the evidence.

If section 15657 requires a showing of causation by clear and convincing evidence, we may affirm on that ground, even if the trial court rested its holding on another, incorrect ground.[6] " 'The fact that the action of the court may have been based upon an erroneous theory of the case, or upon an improper or unsound course of reasoning, cannot determine the question of its propriety. No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than

---

[6] Because we hold that section 15657's requirement of proof of liability by clear and convincing evidence includes a required showing of causation by clear and convincing evidence, we need not decide whether section 15657 also requires a finding of oppression, fraud, or malice—in addition to recklessness—by clear and convincing evidence to recover attorney fees from an employer for the ratified acts of the employer's employee.

that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' [Citation.]" (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18–19 [112 Cal.Rptr. 786, 520 P.2d 10]; see *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32 [51 Cal.Rptr.2d 444, 913 P.2d 473] ["We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked."].)

■ In construing section 15657, we need not resort to external sources, as the section's words are clear and unambiguous. (*Hess v. Ford Motor Co., supra,* 27 Cal.4th at p. 531.) Section 15657 provides for enhanced remedies for violations of the Act. Under subdivision (a) of section 15657, plaintiffs may recover their attorney fees. Under subdivision (b) of section 15657, plaintiffs may recover predeath pain and suffering capped at $250,000 pursuant to Civil Code section 3333.2, subdivision (b). To qualify for these additional remedies, the Legislature has required proof of liability under a heightened standard of proof—proof by clear and convincing evidence.[7]

"Liability" under section 15657 includes as an element "causation," which, as all elements of liability, must be proved by clear and convincing evidence for purposes of an award of attorney fees. (See *Ulloa v. McMillin Real Estate & Mortgage, Inc.* (2007) 149 Cal.App.4th 333, 338 [57 Cal.Rptr.3d 1] [" ' " 'Causation' is an essential element of a tort action. Defendants are not liable unless their conduct . . . was a 'legal cause' of plaintiff's injury. [Citations.]" [Citation.]' "].) That causation must be proved by clear and convincing evidence in order to recover attorney fees is supported by Judicial Council of California Civil Jury Instructions (2008) CACI No. 3105, entitled "Neglect—Essential Factual Elements—Enhanced Remedies Sought—Employer Defendant (Welf. & Inst. Code, §§ 15657, 15610.57)." Unmodified, CACI No. 3105 provides that to establish a claim under the Act, a plaintiff "must prove . . . by clear and convincing evidence: [¶] . . . [¶] 6. That the employee['s][s'] conduct was a substantial factor in causing [*name of plaintiff/decedent*]'s harm . . . ."[8]

In arguing that the "clear and convincing evidence" standard does not apply to the element of causation, plaintiffs state that the Act does not create

---

[7] Summit Care has not argued that damages were not recoverable in this case under section 15657, subdivision (b).

[8] At plaintiffs' instigation, the trial court instructed the jury with a modified version of CACI No. 3105 that told the jury that it was to decide the issue of causation under the preponderance of the evidence standard. The jury had two verdict forms for causation—one with a preponderance of the evidence standard and the other with the clear and convincing evidence standard. (See fn. 10, *post.*)

a cause of action, but provides for additional remedies when elder neglect is proved in connection with an underlying cause of action unrelated to the Act's provisions. Plaintiffs contend that it follows that causation is not an aspect of a defendant being "liable" under section 15657 because causation must be proved in connection with the underlying cause of action. (See *Berkley v. Dowds* (2007) 152 Cal.App.4th 518 [61 Cal.Rptr.3d 304].) Thus, according to plaintiffs, the liability that must, under section 15657, be established by clear and convincing evidence is only for the enhanced remedy for recklessness, oppression, fraud, or malice in the commission of neglect and not for other elements of the underlying wrong, such as causation.[9]

The court in *Berkley v. Dowds, supra*, 152 Cal.App.4th 518, cited by plaintiffs, does state that "[t]he Act does not create a cause of action as such, but provides for attorney fees, costs, and punitive damages under certain conditions." (*Id.* at p. 529, citing *ARA Living Centers - Pacific, Inc. v. Superior Court* (1993) 18 Cal.App.4th 1556, 1563–1564 [23 Cal.Rptr.2d 224] and § 15657.) But that position is inconsistent with the California Supreme Court's dicta. In *Barris v. County of Los Angeles* (1999) 20 Cal.4th 101 [83 Cal.Rptr.2d 145, 972 P.2d 966], the Supreme Court described its then-recent decision in *Delaney v. Baker* (1999) 20 Cal.4th 23, 40 [82 Cal.Rptr.2d 610, 971 P.2d 986] as "concluding that a *cause of action* for 'reckless neglect' under the . . . Act . . . is distinct from a cause of action 'based on professional negligence' within the meaning of section 15657.2." (*Barris*, at p. 116, italics added, citation omitted.)

More recently, in *Covenant Care, Inc. v. Superior Court* (2004) 32 Cal.4th 771 [11 Cal.Rptr.3d 222, 86 P.3d 290], the Supreme Court considered "whether the procedural prerequisites to seeking punitive damages in an action for damages arising out of the professional negligence of a health care provider, codified at Code of Civil Procedure section 425.13, subdivision (a) (section 425.13(a)), apply to punitive damage claims in actions alleging elder abuse subject to heightened civil remedies under" the Act. (*Covenant Care*, at p. 776.) Plaintiffs point to the court's statement that section 425.13 did not apply "to causes of action seeking heightened remedies under the Elder Abuse Act . . . ." (*Covenant Care*, at p. 785, fn. 8.) But the court, citing section 15657, then said, "regardless of its language, *Central Pathology [Service*

---

[9] Whether a cause of action can be brought under the Act or whether the Act merely provides for enhanced remedies has been the subject of some comment. (Buhai & Gilliam, Jr., *Honor Thy Mother and Father: Preventing Elder Abuse Through Education and Litigation* (2003) 36 Loyola L.A. L.Rev. 565, 572–573 [noting the conflict and contending that a cause of action may be brought under the Act].) In *Smith v. Ben Bennett, Inc.* (2005) 133 Cal.App.4th 1507 [35 Cal.Rptr.3d 612], the court observed that "We are not convinced that a Platonic approach—under which . . . either a 'cause of action' or a plea for 'enhanced remedies'—is fruitful. . . . An elder abuse claim could be a 'cause of action' for some statutory purposes but not others." (*Id.* at pp. 1524–1525.)

*Medical Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181 [10 Cal.Rptr.2d 208, 832 P.2d 924]] affords no basis for concluding the Legislature intended its reference in section 425.13(a) to 'professional negligence' to encompass elder abuse, let alone as yet uncreated *statutory causes of action for elder abuse* committed with recklessness, oppression, fraud, or malice [citation]." (*Covenant Care, Inc. v. Superior Court, supra*, at p. 786, italics added.) The court also specifically referred to "Elder Abuse Act causes of action" (*id.* at p. 788), to "an Elder Abuse Act action" (*id.* at p. 789), to "Elder Abuse Act claims" (*id.* at p. 790), and to "an action under the Elder Abuse Act" (*ibid.*).

■ The Supreme Court's language in *Barris v. County of Los Angeles, supra*, 20 Cal.4th 101 and *Covenant Care, Inc. v. Superior Court, supra*, 32 Cal.4th 771 is authority for the proposition that the Act creates an independent cause of action. (See *Intrieri v. Superior Court* (2004) 117 Cal.App.4th 72, 82 [12 Cal.Rptr.3d 97] ["The elements of a cause of action under the Elder Abuse Act are statutory . . ."]; *Benun v. Superior Court* (2004) 123 Cal.App.4th 113, 119 [20 Cal.Rptr.3d 26] [recognizing "causes of action against health care providers for 'custodial elder abuse' under the Elder Abuse Act"]; *Wolk v. Green* (N.D.Cal. 2007) 516 F.Supp.2d 1121, 1133 ["A civil cause of action under the Elder Abuse statute is governed by the California Welfare and Institutions Code section 15657 . . ."].) It is noteworthy that when the Legislature added article 8.5 to the Act, of which article section 15657 is a part, it labeled the article, "Civil Actions for Abuse of Elderly or Dependent Adults." (Stats. 1991, ch. 774, § 3, p. 3477; see also Directions for Use for CACI No. 3100 (2008) p. 284 ["The instructions in this series are not intended to cover every circumstance in which a plaintiff can bring a cause of action under the Elder Abuse and Dependent Adult Civil Protection Act"].)

■ We reject plaintiffs' argument that a violation of the Act does not constitute an independent cause of action. Accordingly, plaintiffs' failure to obtain a verdict establishing causation—one element of liability—by clear and convincing evidence, precludes an award of attorney fees. Thus, the trial court correctly denied plaintiffs' motion for attorney fees.

### B. *No Right to Retrial*

Plaintiffs contend that if, in order to obtain attorney fees against Summit Care, plaintiffs must establish causation under the clear and convincing evidence standard of proof, they are entitled to a retrial because the jury could not reach a verdict on that issue. Summit Care argues that the invited error doctrine prevents plaintiffs from obtaining a new trial for the purpose of proving causation by clear and convincing evidence.

■ "Under the doctrine of 'invited error' a party cannot successfully take advantage of error committed by the court at his request. . . . In the present case, therefore, defendant cannot attack a verdict resulting from an erroneous instruction which it prompted. [Citations.]" (*Jentick v. Pacific Gas & Elec. Co.* (1941) 18 Cal.2d 117, 121 [114 P.2d 343].) "Defendant may not avoid the application of the doctrine by asserting that the error was not deliberately or willfully induced. The good faith of defendant is immaterial. It is incumbent upon counsel to propose instructions that do not mislead a jury into bringing in an improper verdict." (*Id.* at p. 122.)

At plaintiffs' request, and over Summit Care's objection, the trial court modified CACI No. 3105 and instructed the jury that plaintiffs needed to prove causation for their elder neglect claim only under the preponderance of the evidence standard. Noting Summit Care's position that "liability" under section 15657 included causation and damages, the trial court approved a special verdict form that asked the jury to determine causation for the elder neglect claim under both the preponderance of the evidence and the clear and convincing evidence standards.[10] As noted, the jury found causation under the preponderance of the evidence standard and did not return an answer under the clear and convincing evidence standard. Accordingly, plaintiffs are responsible for the erroneous instruction on causation and may not take advantage of the error by obtaining a new trial. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403 [87 Cal.Rptr.2d 453, 981 P.2d 79]; *Jentick v. Pacific Gas & Elec. Co., supra,* 18 Cal.2d at pp. 121–122.)[11]

IV. *Interest**

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

---

[10] Special verdict form No. 1, Elder Abuse and Dependent Adult Neglect, asked the jury in question No. 6, "Do you find, by a preponderance of the evidence, that the conduct of one or more of the employees of Summit Care-California, Inc. dba Woodland Care Center, was a substantial factor in causing harm to Helen Perlin." The jury was asked in question No. 7, "Do you find, by clear and convincing evidence, that the conduct of one or more of the employees of Summit Care-California, Inc. dba Woodland Care Center, was a substantial factor in causing harm to Helen Perlin."

[11] Even if the invited error doctrine did not bar retrial, plaintiffs' one-sentence, perfunctory request for retrial of the causation issue that cites no supporting authority constitutes a forfeiture of the issue. (*Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 [127 Cal.Rptr.2d 917]; *People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284 [103 Cal.Rptr.2d 71].)

*See footnote, *ante*, page 657.

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

Armstrong, Acting P. J., and Kriegler, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 20, 2008, S164951.