Filed 10/28/15  P. v. Morrison CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B260464 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA030252) |
| v. | |
| DON MORRISON, | |
| Defendant and Appellant. | |

APPEAL from an order by the Superior Court of the County of Los Angeles, Richard Romero, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executor Director, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Not appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Don Morrison (defendant) appealed an order denying with prejudice his petition for recall of sentence. On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any issues which if resolved in defendant's favor would require reversal or modification of the judgment or appealable order. On September 8, 2015, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant filed a brief in which he appears to contend that numerous errors occurred in the present case, in which case he was convicted in 1997, and in his prior case (Case No. A634965), in which case he suffered convictions in 1986; and the trial court erred in denying his petition for recall of sentence because the trial court relied on a prior conviction (for forcible rape) which defendant did not suffer, although the jury erroneously found it to be true.[1] We have reviewed the record and affirm the order.

## PROCEDURAL BACKGROUND[2]

In 1997, defendant was convicted of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). Defendant was sentenced under the "Three Strikes" law to a term of 25 years to life because he was also found to have prior "strike" convictions (§§ 667, 1170.12).

---

[1]   The Abstract of Judgment in the prior case (case number A634965) states that in 1986, defendant was convicted of, inter alia, attempted forcible rape pursuant to section 664 and former section 261(2) (now renumbered as section 261, subdivision (a)(2) (*People v. Iniguez* (1994) 7 Cal.4th 847, 856, fn. 4)).

[2]   Because this appeal is from the denial of a statutory, post-judgment motion, we do not include a statement of facts regarding count for which the defendant was convicted.

On February 28, 2014, following the November, 2012, passage of Proposition 36, defendant filed a petition for recall of his Three Strikes sentence pursuant to section 1170.126.[3] The trial court denied the petition on the grounds that defendant had a prior conviction for forcible rape that disqualified him from eligibility for recall and resentencing.

Following record correction proceedings, the trial court determined that the abstract of judgment in the prior case provided that defendant did not have a prior conviction for rape, but had prior convictions for, inter alia, attempted rape and assault with intent to commit rape. Defendant filed a timely notice of appeal of the order denying his petition for recall of sentence.

## DISCUSSION

Defendant contends that there were numerous errors in the present case, in which case he was convicted in 1997, and in his prior case. Defendant appealed the trial court's order denying "with prejudice of his petition for recall of sentence . . . that occurred on October 24, 2014 in chambers." We therefore do not address defendant's contentions of purported errors that occurred in the trial of and sentencing in the present and prior cases.

Defendant also contends that the trial court erred in denying his petition for recall of sentence because the trial court relied on a prior conviction (for forcible rape) which defendant did not suffer. An appealed judgment or order correct on any theory will be affirmed, however, even when the trial court's reasoning may have been erroneous. (*Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 906-907; *Perlin v. Fountain View Management, Inc.* (2008) 163 Cal.App.4th 657, 663-664.)

---

[3] The record does not contain a copy of defendant's petition for recall of his third "strike" sentence, and the trial court has been unable to locate a copy of it. Under the circumstances, the record is adequate to address the issue of whether the trial court erred in denying defendant's petition despite the record not containing the petition.

Section 1170.126 provides in relevant part: "(b) Any person serving an indeterminate term of life imprisonment imposed pursuant to [the 'Three Strikes' law] upon conviction . . . of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section. [¶] . . . [¶] (e) An inmate is eligible for resentencing if: [¶] . . . [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

As defendant's counsel concedes, because defendant's prior conviction for assault with intent to commit rape comes within sections 667, subdivision (e)(2)(C)(iv)(I) and 1170.12(c)(2)(C)(iv)(I), he is rendered ineligible for recall of sentence pursuant to section 1170.126. Defendant's petition was properly denied.

In addition to reviewing and addressing the matters raised in defendant's brief, we have made an independent examination of the entire record to determine if there are any other arguable issues on appeal. Based on that review, we have determined that there are no other arguable issues on appeal. We are therefore satisfied that defendant's counsel has fully complied with his responsibilities under *People v. Wende*, *supra*, 25 Cal.3d 436.

4

## DISPOSITION

We affirm the order.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:



TURNER, P. J.



BAKER, J.

5