Filed 3/4/22  Aguila v. Industrial Catering CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| HENRY AGUILA, | |
| Plaintiff, Cross-defendant and Appellant, | E074412 |
| v. | (Super.Ct.No. RIC1613262) |
| INDUSTRIAL CATERING, INC. et al., | OPINION |
| Defendants, Cross-complainants and Appellants; | |
| VAHE KARAPETIAN, Individually and as Trustee, etc., | |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  William Barry, Judge.

Reversed with directions.

Henry Aguila, in pro. per, for Plaintiff, Cross-Defendant and Appellant.

1

The Bailey Legal Group, John L. Bailey and Therese Bailey, for Defendants, Cross-complainants and Appellants, Industrial Catering, Inc., William L. Wade, II, and Elba Racquel Castaneda.

Knapp, Petersen & Clarke, Gregory L. Torress and Devin A. Bennett and for Defendant and Respondent, Vahe Karapetian.

## I.  INTRODUCTION

Henry Aguila and R. Gutierrez (plaintiffs)[1] entered into a written agreement to sublease commercial kitchen space from Industrial Catering, Inc.  In 2016, plaintiffs filed a civil action alleging various contract and tort claims against Industrial Catering, Inc. (Industrial) and its individual owners, William L. Wade, II, and Elba Raquel Castaneda (collectively Industrial defendants).  Plaintiff also subsequently named as defendants the owner of the property, the Vahe Karapetian Trust, and its trustee, Vahe Karapetian (Karapetian defendants).  The Industrial defendants filed a cross-complaint against plaintiffs and named an additional cross-defendant, A. Gutierrez, as a party to the action.

At the time of the pre-trial conference, the trial court concluded that the parties had failed to adequately prepare trial documents as required under Superior Court of Riverside County, Local Rules, rule 3401 (Local Rule 3401).  As a result, it issued an order that all parties were to prepare documents in compliance with Local Rule 3401 by the date set for trial and that noncompliance would be deemed a waiver of jury trial.

---

[1]  Henry Aguila is the only party to this appeal.  For clarity, we will separately refer to him as Plaintiff Aguila when not discussing the plaintiffs collectively.

2

On the date set for trial, essential trial documents—including proposed jury instructions—had still not been prepared. The trial court found that noncompliance was the result of deliberate delay tactics by plaintiffs and, over plaintiffs' objection, struck plaintiffs' demand for a jury trial as a sanction. The parties tried the case in a court trial, the trial court issued findings of fact in favor of defendants, and judgment was entered in favor of defendants on the complaint and in favor of the Industrial defendants on their cross-complaint.

Plaintiff Aguila appeals from the judgment, arguing the trial court erred (1) in striking his demand for a jury trial and requiring the parties to proceed with a court trial over his objection, and (2) in making various factual findings following the presentation of evidence.[2] We conclude the trial court abused its discretion in striking plaintiffs' demand for a jury trial because such a sanction is not authorized under governing law and is, therefore, outside the scope of the trial court's discretion. Additionally, because the erroneous denial of a litigant's right to a jury trial is reversible per se, we need not address plaintiff Aguila's remaining claims of error with respect to the trial court's factual findings.

---

[2] Plaintiff Aguila also purports to "incorporate all of his objections to the statement of decision as though fully set forth" in his opening brief and purports to "reserve[] the right to address any issues covered by his objections in the appellant's reply brief." However, an "appellant may not simply incorporate by reference arguments made in papers filed in the trial court, rather than briefing them on appeal." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656; see *York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1188, fn. 4.) Thus, we decline to consider any such arguments on appeal.

The Industrial defendants have also filed a cross-appeal asserting (1) the trial court erred because it should have struck plaintiffs' pleadings as the appropriate sanction for plaintiffs' misconduct, and (2) the trial court erred with respect to various evidentiary rulings at the time of trial. We conclude the Industrial defendants are precluded from asserting any affirmative claim for relief from the trial court's sanction order under the doctrine of invited error. Further, in light of our decision in the main appeal, the claims of error involving the trial court's evidentiary rulings are moot.

## II. FACTS AND PROCEDURAL HISTORY

On November 15, 2016, plaintiffs filed a first amended complaint against Industrial. They alleged Industrial owned a commercial property used to store, clean, and supply food trucks. Plaintiffs entered into a written agreement to sublease the commercial kitchen space on the property for the purpose of preparing food items to sell to the food truck operators utilizing other services on the property. At some point, Industrial began permitting other food vendors to enter the property and compete with plaintiffs in selling food items to the food truck operators. Based upon these facts, plaintiffs alleged causes of action for (1) breach of contract, (2) specific performance of the terms within a written lease agreement, (3) fraud, (4) negligent misrepresentation, and (5) breach of the covenant of good faith and fair dealing. The individual owners of Industrial, as well additional parties whom plaintiffs believed held an ownership interest in the property, were also subsequently added as defendants.

The Industrial defendants filed an answer and cross-complaint, naming plaintiffs as cross-defendants as well as an additional cross-defendant, A. Gutierrez. The

4

Karapetian defendants also filed an answer and cross-complaint. However, the Karapetian defendants dismissed their cross-complaint prior to trial.

On July 12, 2019, the parties appeared for a trial readiness conference. After conferring with the parties, the trial court concluded that the parties had failed to comply with their obligations to prepare necessary trial documents under Local Rule 3401, notified the parties of the items they needed to correct and present at the time of trial, and ordered that if the parties failed to comply by the scheduled trial date, "all parties will be deemed to have waived [a] jury, and the trial will proceed as a court trial."

On the date scheduled for trial, the Industrial defendants submitted a written trial brief notifying the trial court that the parties had been unable to prepare trial documents in compliance with Local Rule 3401 as a result of deliberate tactics by plaintiffs. The Industrial defendants requested the trial court strike plaintiffs' pleadings as a sanction for plaintiffs' failure to comply with Local Rule 3401. The Karapetian defendants requested the same relief in a declaration of counsel "re plaintiffs' noncompliance." In support of their request, counsel for both sets of defendants detailed their efforts to prepare for trial in compliance with the local rules and the trial court's prior order and the acts they believed constituted deliberate attempts by plaintiffs' to frustrate the process.

The trial court inquired regarding the status of proposed jury instructions and permitted plaintiffs to orally respond to the allegations made by defendants regarding the failure to prepare necessary trial documents. During argument on this point, both defense counsel expressly encouraged the trial court to find that a jury trial had been waived for plaintiffs' noncompliance and to move forward with a court trial. Ultimately, the trial

5

court struck plaintiffs' demand for a jury trial, over plaintiffs' objections, "for failure to comply with Local Rule 3401" and ordered the matter to proceed as a court trial.

The matter was tried in a court trial over the course of 10 days, and the trial court issued a statement of decision regarding its findings with respect to plaintiffs' complaint and the Industrial defendants' cross-complaint. Prior to the entry of judgment, R. Gutierrez and A. Gutierrez entered into a settlement with all defendants. Judgment in defendants' favor was entered on November 27, 2019. Plaintiff Aguila appeals from the judgment, and the Industrial defendants have cross-appealed from the same judgment.

### III. DISCUSSION

A. *The Denial of Plaintiffs' Right to a Jury Trial Requires Reversal of the Judgment*

On appeal, plaintiff Aguila argues that the trial court erred in striking his jury demand and proceeding to conduct a court trial over his objection. On appeal, none of the defendants have offered a substantive argument as to why this order should be affirmed, and the Industrial defendants go so far as to concede the trial court abused its discretion in striking plaintiffs' demand for jury trial. We agree that the trial court erred in striking plaintiffs' demand for a jury trial and further conclude that such error requires reversal of the judgment.

1. The Trial Court Exceeded the Scope of Its Discretion in Striking Plaintiffs' Demand for Jury Trial

"Since trial management is a discretionary area, the proper standard of review for a challenge to trial management orders is abuse of discretion." (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 498; see *Hernandez v. Superior Court* (2003)

6

112 Cal.App.4th 285, 295 ["The trial court has broad discretion to fashion suitable methods of practice in order to manage complex litigation."].) Nevertheless, " 'the discretion of a trial judge is not whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action . . . .' 'The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action . . . ." ' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion.' " (*Sargon Enterprises*, *Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)

"[A]rticle I, section 16 of the state Constitution requires the Legislature to *prescribe* the methods by which the right to jury trial may be waived . . . ." (*Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 961 (*Grafton Partners*).) Thus, "[i]n a civil case, any waiver of the right to jury must occur 'by the consent of the parties expressed as prescribed by statute,' " and "[Code of Civil Procedure[3] section 631, subdivision (f)] is the exclusive authority governing civil jury waivers." (*Chen v. Lin* (2019) 42 Cal.App.5th Supp. 12, 17 (*Chen*).) "The words of the statute are crystal clear Nothing in [section 631] alludes to a party's failure to prepare for trial as a proper basis for finding a waiver of the right to a jury trial." (*Id.* at p. Supp. 18.)

Under the state constitution, the relevant statutory provisions, and governing case law, the failure to adequately prepare for trial is not a ground for finding a waiver of the

_____

[3] Undesignated statutory references are to the Code of Civil Procedure.

right to a jury trial. This is the relevant legal principle that governs the subject of the trial court's action in this case. Absent statutory authority to do so, the trial court was without power to strike a litigant's demand for jury trial or deem a litigant to have waived a right to jury trial. Thus, it's order doing so falls outside the scope of its discretion.

2. The Reasons Offered by the Trial Court Do Not Provide Grounds for Striking Plaintiffs' Demand

In its statement of decision, the trial court offered four independent reasons for its decision to strike plaintiffs' demand for a jury trial: (1) "because of [plaintiffs'] blatant and continued failure to comply with Local Rule 3401"; (2) "because [plaintiffs] disobeyed a specific pretrial directive from [the trial court]"; (3) because [plaintiffs] had previously entered into a contractual waiver of their right to a jury trial; and (4) under the authority of section 128, subdivision (a)(3) and (a)(4). As we explain below, none of these are valid grounds for striking plaintiffs' jury trial demand or finding a waiver of the otherwise constitutional right to a jury trial.

First, Local Rule 3401 does not provide authority for the trial court to strike a litigant's demand for jury trial. While Local Rule 3401 provides for a range of sanctions for noncompliance, the enumerated sanctions do not include the ability to deny a party the right to a jury trial.[4] Generally, "failure to comply with a rule of court does not

---

[4] The relevant portion of Local Rule 3401 regarding enforcing compliance with the rule states the following: "Parties or their counsel who fail to comply with any portion of this rule without good cause are subject to sanctions, including but not limited to orders striking all or part of that party's pleading, dismissing all or part of that party's

*[footnote continued on next page]*

8

constitute a waiver of the right to a trial by jury at least where such rule does not declare that noncompliance therewith constitutes a waiver." (*De Castro v. Rowe* (1963) 223 Cal.App.2d 547, 553.) Thus, because Local Rule 3401 does not explicitly set forth the waiver of a right to jury trial as a potential sanction,[5] it provides no authority for the trial court to sanction a party in such a manner.

Second, the fact that the trial court issued a pretrial order on July 12, 2019, warning that any jury trial would be deemed waived in the event of noncompliance does not provide a valid ground to strike plaintiffs' demand for a jury trial. Because the right to a jury trial is guaranteed by the state constitution, the California Supreme Court has repeatedly held that "the rules under which the parties to a lawsuit may waive a jury trial must be prescribed by the Legislature, which is without power to delegate to the courts the responsibility of determining the circumstances under which such a waiver may be permitted." (*Grafton Partners*, *supra*, 36 Cal.4th at p. 952.) Thus, even if a party has

_____

action, entering a judgment by default against that party, postponing the trial, or imposing monetary, evidentiary, or issue sanctions."

[5] Whether a local rule could even provide for the waiver of a right to jury trial as a sanction appears questionable. It is true that the Legislature provided broad latitude for the courts to fashion sanctions for a violation of local rules. (§§ 575.1, 575.2, subd. (a) ["Local rules promulgated . . . may provide that if any counsel, a party represented by counsel, or a party if in pro se, fails to comply with any of the requirements thereof, the court . . . may . . . dismiss the action . . . or impose other penalties of a lesser nature . . . ."].) However, our Supreme Court has also opined that the state constitution renders the Legislature "without power to delegate to the courts the responsibility of determining the circumstances under which [a jury waiver] may be permitted." (*Grafton Partners*, *supra*, 36 Cal.4th at p. 952.) We need not resolve this question here, as it is apparent that, even if such a sanction could be provided for in a local rule, Local Rule 3401 does not do so.

9

violated a court order, denial of a jury trial is "not authorized by law. [Citation.] The Legislature 'has prescribed the conditions under which a jury may be waived, and . . . the local courts have no power to adopt or enforce rules at variance with those of the state.' [Citation.] 'Our Constitution forbids the creation of judicial rules of waiver . . . [and] 'the Legislature, alone, has the power to determine the circumstances under which a jury could be waived.' " (*Chen*, *supra*, 42 Cal.App.5th at p. Supp. 19.) Because the trial court had no power to create a rule of waiver in its pretrial order, it equally had no power to enforce such a rule in the event of noncompliance with that order.

Third, California law is well settled that a predispute contractual jury trial waiver is unenforceable. (*Grafton Partners*, *supra*, 36 Cal.4th at p. 967 [contractual jury waiver unenforceable because "governing California constitutional and statutory provisions do not permit predispute jury waivers"]; *Rincon EV Realty LLC v. CP III Rincon Towers*, *Inc.* (2017) 8 Cal.App.5th 1, 12 ["a predispute agreement specifying that any lawsuit between the contracting parties will be adjudicated in a court trial, rather than a jury trial, is unenforceable"]; *Lange v. Monster Energy Co.* (2020) 46 Cal.App.5th 436, 451 [contractual provision that parties waive jury "in the event that any controversy or claim is determined in a court of law" is unconscionable and unenforceable under California law]; *Handoush v. Lease Finance Group*, *LLC* (2019) 41 Cal.App.5th 729, 737 ["California law holds predispute jury trial waivers are unenforceable."].) Thus, the contractual provisions of the agreement in dispute cannot be enforced and did not provide the trial court with a basis to find a waiver of plaintiffs' right to a jury trial.

10

Finally, the trial court cited to section 128, subdivision (a)(3) and (a)(4) as an additional basis for its order. These provisions codify the trial court's inherent authority to provide for the orderly conduct of proceedings and to compel obedience to its prior orders. (§ 128, subd. (a)(3), (a)(4); *Andrews v. Superior Court* (2000) 82 Cal.App.4th 779, 782 [section 128 is codification of the court's inherent supervisory and administrative powers].) However, "[n]either the court's statutory authority nor its inherent authority empowers it to make local rules that conflict with California law . . . . Any local rule that 'conflicts with any statewide statute, rule of law, or Judicial Council rule . . . is an inappropriate exercise of that court's powers' and not 'a valid exercise of the court's inherent judicial powers to adopt procedures . . . .' " (*In re Harley C.* (2019) 37 Cal.App.5th 494, 507, quoting *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967-968.) Thus, the trial court's inherent and statutory authority to control proceedings before it does not permit the trial court to fashion rules that effectively deprive a litigant of a right otherwise guaranteed in the state Constitution.

While it is clearly within the trial court's discretion to sanction a party for a deliberate failure to comply with rules and prior court orders, deeming a party to have waived the right to a jury trial as a sanction is simply not permitted under existing law. None of the grounds relied upon by the trial court provide authority for striking plaintiffs' demand for a jury trial and requiring plaintiffs to proceed with a court trial. Accordingly, the trial court exceeded the scope of its discretion in selecting the sanction of striking plaintiffs' demand for a jury trial.

11

### 3. Erroneous Denial of a Jury Trial Requires Reversal of the Judgment

" '[T]he denial of the right to jury trial is reversible error per se. [Citations.] No showing of actual prejudice is required.' " (*Villano v. Waterman Convalescent Hospital, Inc.* (2010) 181 Cal.App.4th 1189, 1205; see *Mackovska v. Viewcrest Road Properties LLC* (2019) 40 Cal.App.5th 1, 15.) Thus, our determination that the trial court abused its discretion in striking plaintiffs' jury demand requires reversal of the judgment and remand for a new trial. Given this conclusion, we need not address the other arguments raised by the parties with respect to plaintiff Aguila's appeal.[6]

We observe that our conclusion should not be interpreted to minimize the purported delay tactics or absolve plaintiffs of any sanctionable conduct in the trial court. Notably, plaintiff Aguila has not argued on appeal that the trial court abused its discretion in determining that plaintiffs engaged in sanctionable conduct. It is not the decision to sanction plaintiff that constitutes error in this case, but the type of sanction selected. Upon remand, the trial court will have discretion to reconsider the issue of sanctions.

### B. *Industrial Defendants Are Precluded from Seeking Affirmative Relief By Way Of Their Cross-Appeal*

The Industrial defendants have cross-appealed from the judgment, conceding that the trial court erred in striking plaintiffs' demand for a jury trial but arguing the trial court abused its discretion by not striking plaintiffs' pleadings as the appropriate sanction. As

---

[6] Plaintiff Aguila also raised various arguments regarding alleged error in the trial court's findings to which defendants have responded. The Karapetian defendants also appear to argue that plaintiff Aguila suffered no prejudice because his claims would have been subject to a nonsuit even if he had proceeded to a jury trial.

12

such, the Industrial defendants request this court remand the matter with instructions directing the trial court to enter a new order striking plaintiffs' pleadings as the appropriate sanction.[7] However, the doctrine of invited error precludes the Industrial defendants from challenging the trial court's order on this basis.

" 'Under the doctrine of "invited error" a party cannot successfully take advantage of error committed by the court at his request.' " (*Perlin v. Fountain View Management, Inc.* (2008) 163 Cal.App.4th 657, 667.) "The 'doctrine of invited error' is an 'application of the estoppel principle': 'Where a party by his conduct induces the commission of error, he is estopped from asserting it as a ground for reversal' on appeal. . . . At bottom, the doctrine rests on the purpose of the principle, which is to prevent a party from misleading the trial court and then profiting therefrom in the appellate court." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403.)

In this case, while the Industrial defendants' trial brief included a written request that the trial court strike plaintiffs' pleading as an appropriate sanction, the record also discloses that at the time of trial, counsel for both sets of defendants expressly advocated

---

[7] The Karapetian defendants also make this same argument in the context of their respondent's brief. However, " ' " 'a respondent who has not appealed from the judgment may not urge error on appeal.' " [Citation.] "To obtain affirmative relief by way of appeal, respondents must themselves file a notice of appeal and become cross-appellants." ' " (*Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 665; *Valentine v. Plum Healthcare Group, LLC* (2019) 37 Cal.App.5th 1076, 1090, fn. 4 [" ' " '[A] respondent who has not appealed from the judgment may not urge error on appeal.' " ' "].) Because they have not cross-appealed from the judgment, we need not consider the Karapetian defendants' claims of error with respect to any of the trial court's rulings.

for striking plaintiffs' jury demand as a sanction.[8]  The Industrial defendants got the very sanction they urged the trial court to impose.  Having expressly invited and advocated for the trial court to adopt the sanction of striking plaintiffs' jury demand, the Industrial defendants are precluded under the doctrine of invited error from arguing that they were aggrieved by the erroneous selection of that sanction or from seeking affirmative relief from that error on appeal.

C. *The Evidentiary Issues Raised in the Cross-appeal Are Moot*

Finally, the Industrial defendants argue the trial court erred with respect to evidentiary rulings impacting the trial.  However, the Industrial defendants do not have standing to seek review of these rulings, since the underlying judgment was in their favor. (§902 [only aggrieved party may appeal].)  Nor can the cross-appeal procedure be used to seek review of rulings not otherwise appealable.  (*Jaime Zepeda Labor Contracting, Inc. v. Department of Industrial Relations* (2021) 67 Cal.App.5th 891, 898, fn. 7 ["A cross-appeal is proper when a party seeks affirmative relief. . . .  However, a party who is not aggrieved by a judgment, may not properly file a cross-appeal."]; *Aheroni v. Maxwell* (1988) 205 Cal.App.3d 284, 295 ["The cross-appeal procedure . . . cannot have been intended to give parties the means of securing review, by cross-appeal, of matters not related to the order or judgment which is the subject of the original appeal."].)

---

[8] When asked to present their arguments on the issue, counsel for the Karapetian defendants stated:  "[M]y request to the court would be that a jury trial should not be granted, and it should be a court trial."  In response, counsel for the Industrial defendants stated:  "I concur with everything [counsel for Karapetian defendants] said. . . .  I think this is all the doing of plaintiffs.  I think this falls on the plaintiffs' side, and I think the sanction of not having a jury is appropriate under the circumstances."

More importantly, these issues are now moot in light of our conclusion in the main appeal. "[B]y a reversal, the order or judgment appealed from no longer has any vitality or force. In effect, the order or judgment appealed from is vacated." (*Hampton v. Superior Court of Los Angeles County* (1952) 38 Cal.2d 652, 655.) Absent a final judgment, interlocutory or interim orders are not independently appealable. (*Rao v. Campo* (1991) 233 Cal.App.3d 1557, 1564-1565 ["[U]nder the one final judgment rule, interlocutory or interim orders are not appealable, but are only 'reviewable on appeal' from the final judgment."]; *Contreras-Velzazquez v. Family Health Centers of San Diego, Inc.* (2021) 62 Cal.App.5th 88, 101-102 [where reviewing court affirms trial court's grant of new trial, " ' "the effect is that there is no longer a final judgment," ' " and reviewing court will not decide issues raised on cross-appeal].) Given our determination in the main appeal that the judgment must be reversed and the matter remanded for a new trial, there is no longer a final judgment, and we have no occasion to consider alleged error with respect to intermediate evidentiary rulings in the trial court.

## IV. DISPOSITION

The judgment is reversed as to all parties[9] and remanded for a new trial on all causes of action. Upon remand, the trial court may reconsider the issue of whether

---

[9] We acknowledge that plaintiff Aguila is the only plaintiff who has appealed from the judgment. Generally, "[w]here only one of several parties appeals from a judgment, the appeal includes only that portion of the judgment adverse to the appealing party's interest, and the judgment is considered final as to the nonappealing parties," except "[w]here the part of the judgment appealed from is so interwoven and connected with the remainder that the appeal from a part of it involves consideration of the whole, such that if a reversal is ordered, it should extend to the entire judgment." (*City of*

[footnote continued on next page]

plaintiff Aguila has engaged in sanctionable conduct and exercise its discretion to impose

an appropriate, alternative sanction if it deems such a sanction is warranted.  Plaintiff

Aguila is to recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:


MILLER _____
Acting P. J.


CODRINGTON _____
J.

---

*Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 678-679.)  In this case, all plaintiffs
were allegedly parties to the same contract with defendants subject of the claims asserted
in the complaint and cross-complaint.  As a result, a new trial involving only one plaintiff
could produce inconsistent verdicts on multiple causes of action, and it is apparent that
the issues involving plaintiff Aguila and the nonappealing parties are so interwoven and
connected that any reversal must extend to the entire judgment.  Despite reversal of the
judgment as to all parties, we recognize that R. Gutierrez and A. Gutierrez might not be
parties in a new trial given their apparent settlement with defendants.