Filed 4/27/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KAREN E. GOODRICH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SIERRA VISTA REGIONAL MEDICAL CENTER,<br><br>    Defendant and Respondent. | 2d Civil No. B259724<br>(Super. Ct. No. CV130053)<br>(San Luis Obispo County) |

The trial court denied Dr. Karen E. Goodrich's petition for writ of administrative mandate challenging the decision of Sierra Vista Regional Medical Center (Sierra Vista) to terminate her from its medical staff. Thereafter, Goodrich, acting in propria persona, filed three motions attempting to relitigate the court's final judgment on the petition. The court denied the motions and declared her to be a vexatious litigant under Code of Civil Procedure section 391, subdivision (b)(2) and (3).[1]

Goodrich contends on appeal that the filing of three motions was insufficient to justify the vexatious litigant determination. We conclude substantial evidence supports that finding. The trial court, after denying the second motion, admonished Goodrich that she could be declared a vexatious litigant "if similar unsubstantiated motions continue to be filed without any reasonable likelihood of success." She failed to heed this admonition. Accordingly, we affirm.

---

[1] All further statutory references are to the Code of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

Goodrich is a board certified obstetrician and gynecologist who was appointed to Sierra Vista's medical staff. In 2012, she was denied reappointment to her position due to alleged concerns about her fitness for practice. She also failed to appear at an administrative hearing before Sierra Vista's judicial review committee.

Goodrich's attorney filed a petition for writ of administrative mandate challenging Sierra Vista's decision to terminate her staff privileges. Goodrich sought an order either reappointing her to the staff or providing her with a new administrative hearing. The trial court denied the petition, finding that Goodrich did not have good cause to miss the administrative hearing and that the decision not to reappoint her was sufficiently supported. Notice of entry of judgment was served on June 4, 2013.

Goodrich did not appeal the judgment. After her attorney withdrew from the case, Goodrich, acting in propria persona, filed five separate motions challenging the trial court's decision. Each motion was denied. The court found "no legal, factual or procedural basis to . . . consider motions related to a matter that has been adjudicated and judgment entered."

On October 7, 2013, Sierra Vista moved for an order declaring Goodrich a vexatious litigant under section 391, subdivision (b)(2). The trial court denied the motion, noting that only two of Goodrich's filings occurred after expiration of the time to appeal the judgment: (1) a motion for leave to file an amended petition, filed on August 14, 2013, and (2) an ex parte application seeking approval of certain orders, filed on September 18, 2013. Citing *Holcomb v. U.S. Bank. Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1504 (*Holcomb*), the court determined the two filings were insufficient to support a determination that Goodrich is a vexatious litigant. The court stated, however, that its decision on the motion was "without prejudice, to renewal if similar unsubstantiated motions continue to be filed without any reasonable likelihood of success."

On July 28, 2014, Goodrich, again appearing in propria persona, filed a motion for temporary and permanent injunction and related relief based on changed circumstances. Like her earlier motions, it attacked the validity of the judgment. The

2

trial court denied the motion, observing that Goodrich "wishes to enjoin [Sierra Vista] from seeking a determination that she is a vexatious litigant. At the same time, [she] continues to seek affirmative relief. [She] claims she is not re-litigating the writ; but rather is asserting a cross-complaint contesting the denial of her reappointment and termination of her staff privileges. In other words, she is seeking once again to overturn the denial of her reappointment and related relief. She continues to argue that the writ was improperly denied."

Sierra Vista moved again for an order declaring Goodrich a vexatious litigant. This time the court granted the motion, finding it "has reached the point at which [Goodrich] is 'repeatedly' relitigating her claims against [Sierra Vista], especially in light of this [c]ourt's multiple prior admonitions." The court determined that her "actions are unreasonably impacting [Sierra Vista] and the [c]ourt, as contemplated by . . . [section] 391[, subdivision] (b)(2) and (3)."

The trial court ordered Goodrich to post a bond in the amount of $25,000 as security to proceed any further in this action. It further issued a prefiling order prohibiting Goodrich, while acting in propria persona, from filing new motions in this action or any new litigation against Sierra Vista without prior leave of court. Goodrich appeals.[2]

## DISCUSSION

### *Statutory Framework and Standard of Review*

The vexatious litigant statutes were created to curb misuse of the court system by those acting in propria persona who repeatedly file groundless lawsuits or attempt to relitigate issues previously determined against them. (§§ 391-391.7; *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169-1170 (*Shalant*).) These statutes allow a defendant in a litigation proceeding to move for an order requiring the plaintiff to furnish security

---

[2] Goodrich requests that we take judicial notice of two documents from the Medical Board of California that purportedly establish her physical and mental fitness to practice medicine. Sierra Vista opposes the request on the ground that the documents are irrelevant to the issues on appeal. We agree with Sierra Vista and deny the request.

on the ground the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant. (*Shalant*, at p. 1170.) If, after a hearing, the court finds for the defendant on these points, it must order the plaintiff to furnish security. (*Ibid.*) If the plaintiff does not do so, the action will be terminated. (*Ibid.*)

When considering a motion to declare a litigant vexatious, the court must weigh the evidence to decide whether the litigant is vexatious based on the statutory criteria and whether the litigant has a reasonable probability of prevailing. (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635.) To be declared a vexatious litigant, the plaintiff must come within one of the definitions in section 391, subdivision (b). (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 969 (*Morton*).) Furthermore, "[a]ny determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute. The purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts. [Citations.] Therefore, to find that a litigant is vexatious, the trial court must conclude that the litigant[']s actions are unreasonably impacting the objects of appellant's actions and the courts as contemplated by the statute." (*Id.* at pp. 970-971.)

We review the trial court's order declaring a party to be a vexatious litigant for substantial evidence. (*Morton, supra*, 156 Cal.App.4th at p. 969.) We are required to presume the order declaring a litigant vexatious is correct and imply findings necessary to support that designation. (*Ibid*.) A reversal is required only where there is no substantial evidence to imply findings in support of the vexatious litigant designation. (*Ibid.*)

*Vexatious Litigant Finding*

*Under Section 391, Subdivision (b)(2)*

The trial court first determined Goodrich is a vexatious litigant under section 391, subdivision (b)(2). That subdivision defines "vexatious litigant" as a person who "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the

4

determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined."

Goodrich contends she does not qualify as a vexatious litigant under this subdivision because she did not "repeatedly" attempt to relitigate the validity of the judgment. She asserts the word "repeatedly," as used in the statute, means more than the three filings at issue here. We are not persuaded. As stated in *Morton, supra*, 156 Cal.App.4th at page 972, as few as three motions might form the basis for a vexatious litigant designation where they all seek the exact same relief which has already been denied or all relate to the same judgment.

*Morton* concluded that three motions filed over the course of three years and related to two separate judgments were insufficient to show that the defendant "repeatedly" filed motions within the meaning of the vexatious litigant statute. (*Morton, supra*, 156 Cal.App.4th at p. 972.) The court stressed that "[a]ll three of defendant's motions relied on established and favored procedures for petitioning the court to modify or reconsider their order. Once appellant moved to reconsider the original order, and that request was denied, he did not continue to petition the court for redress in suspicious or unconventional ways. He accepted the judgments and orders and sought redress from the reviewing court." (*Id.* at p. 973.)

The court pointed out, however, that "[t]his is not to say that only three motions could *never* form the basis for a vexatious litigant designation where perhaps they all seek the exact same relief which has already been denied or all relate to the same judgment or order or are filed in close succession." (*Morton, supra*, 156 Cal.App.4th at p. 972.) Although this statement is dicta, the court contemplated that a party could properly be declared a vexatious litigant based on the conduct that occurred here, i.e., the filing of three motions in the same court seeking the same relief relating to the same final judgment. This is particularly true where, as here, the party was admonished after two such filings that the request to designate the party a vexatious litigant could be renewed

5

"if similar unsubstantiated motions continue to be filed without any reasonable likelihood of success."

*Holcomb*, *supra*, 128 Cal.App.4th 1494, supports this conclusion. The court in that case determined that two attempts at relitigation alone were insufficient to establish that a party has "repeatedly" relitigated a matter that has been finally determined. (*Id.* at p. 1504.) But the court based its decision on the record before it and not on the number of relitigation attempts. It determined that since the purpose of the vexatious litigant statutes is to prevent future harm based on a litigant's past behavior, the Legislature's use of the adverb "repeatedly" refers "to a past pattern or practice on the part of the litigant that carries the risk of repetition in the case at hand." (*Id.* at p. 1505.) That risk of repetition was not present in *Holcomb*. (*Ibid.*)

Here, there is no question that at the time the trial court declared Goodrich a vexatious litigant there was "a past pattern or practice" on her part that carried the risk of repetition. (*Holcomb, supra*, 129 Cal.App.4th at p. 1505.) She already had made two prior relitigation attempts, causing the trial court to admonish that any further attempt could result in a vexatious litigant finding. As *Holcomb* aptly observed, "the risk of repetition is fairly easy to demonstrate in situations where the defendant seeking security has been the target of previous relitigation attempts." (*Id.* at p. 1505.)

*Holcomb* further noted that "[a]lthough section 391, subdivision (b)(2) does not require a connection between the previous relitigation attempts and the movant or action in which security is sought, such a connection would militate heavily in favor of requiring the plaintiff to provide security." (*Holcomb, supra*, 129 Cal.App.4th at p. 1505.) That connection exists here. In each instance, Goodrich attempted to relitigate the same issues against the same defendant. (See *ibid.*; *Morton, supra*, 156 Cal.App.4th at p. 972.)

Parties are entitled to rely on the finality of a judgment. (See *Kachig v. Boothe* (1971) 22 Cal.App.3d 626, 632-633.) After the time to appeal had passed, the trial court explicitly told Goodrich that "[t]here is no legal, factual or procedural basis to again consider motions related to a matter that has been adjudicated and judgment

6

entered." We reject her assertion that "dozens" of such motions are required before a litigant may be found vexatious. (See *Morton, supra*, 156 Cal.App.4th at p. 972.) Rather, as *Morton* stated, there is no bright-line test to guide that determination; we look instead to the underlying purposes of the statute. (*Ibid.*) Here, the trial court logically determined that Goodrich's actions in repeatedly relitigating issues previously decided in the judgment unreasonably burdened both Sierra Vista and the court, which had to expend time and other resources addressing the motions and appearing at unnecessary hearings. Under these circumstances, we conclude the trial court did not err in finding that Goodrich is a vexatious litigant within the meaning of section 391, subdivision (b)(2).

*Vexatious Litigant Finding*

*Under Section 391, Subdivision (b)(3)*

The trial court also determined that Goodrich is a "vexatious litigant" under section 391, subdivision (b)(3), which defines that term as a person who, while acting in propria persona in any litigation, "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." As discussed above, Goodrich repeatedly filed unmeritorious motions while attempting to relitigate issues finally determined by the trial court. Moreover, when the court denied Sierra Vista's first motion to declare Goodrich a vexatious litigant, it warned her that any further motions to relitigate these same issues could subject her to a vexatious litigant finding. Instead of heeding this admonition, she filed another motion with the exact same purpose, i.e., to overturn the judgment. Substantial evidence supports a finding that, at that point, she engaged in tactics that were frivolous and designed to cause unnecessary delay. Goodrich points to nothing in the record that undermines the court's ruling that she qualifies as a vexatious litigant under section 391, subdivision (b)(3).

7

DISPOSITION

The order designating appellant a vexatious litigant is affirmed.
Respondent shall recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

8

Martin J. Tangeman, Judge

Superior Court County of San Luis Obispo

_____

Fenton Law Group, Benjamin J. Fenton and Dennis E. Lee, for Plaintiff and Appellant.

Hall, Hieatt & Connely and Stephanie A. Bowen, for Defendant and Respondent.