Filed 12/19/22 Marriage of Holtz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of SARAH HOLTZ and BENJAMIN HOLTZ. | D079859 |
| SARAH HOLTZ, | |
| Respondent, | (Super. Ct. No. 18FL007268N) |
| v. | |
| BENJAMIN HOLTZ, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Harry L. Powazek, Judge. Affirmed.

Benjamin Holtz, in pro per, for Appellant.

Mazur & Mazur and Janice R. Mazur, for Respondent.

Benjamin Holtz appeals from an order declaring him to be a vexatious litigant (Code Civ. Proc., § 391)[1] and a related prefiling order prohibiting him from filing any new litigation in the California courts in propria persona

_____

1  All further statutory references are to the Code of Civil Procedure.

without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. (§ 391.7.) We find no error and affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Underlying Action*

Benjamin and Sarah Holtz are parties to a marital dissolution action filed in San Diego County Superior Court in 2018. They have one minor child. The court entered a dissolution judgment on November 7, 2019.

On January 24, 2020, Commissioner Patti Ratekin issued a statement of decision and ruling after a review hearing. She declined to adopt a plan for equal sharing of child custody by both parents. The commissioner expressed concerns about Benjamin's "erratic behavior" and "inability to value the mother's role in the child's life." She ordered that the parents would continue to share joint legal custody, Sarah would have the final decision-making authority, and the child would be with Benjamin for one 48-hour period each Sunday through Tuesday and one four-hour period each Thursday.

Benjamin was represented by counsel up until this order, but then became self-represented after his attorney refused to file an appeal. In September 2020, Commissioner Ratekin recused herself at Benjamin's request, and the matter was reassigned to the Honorable Harry L. Powazek.

In April 2021, Judge Powazek issued a statement of decision granting Sarah's request for a domestic violence restraining order (DVRO) and modifying the child custody and visitation orders. Judge Powazek awarded Sarah sole legal custody and reduced Benjamin's visitation time.

From May through August 2021, before being declared a vexatious litigant, Benjamin filed five statements of disqualification against Judge Powazek in propria persona. These statements of disqualification were each

2

stricken by the court on the grounds that they were untimely, they failed to state any legal basis for disqualification, and they constituted improper repeat challenges. Among other things, the court found that Benjamin's claims of bias did not require disqualification because they arose from his mere disagreement with Judge Powazek's statements and rulings made in his official capacity, and the fact that Benjamin had filed a lawsuit against Judge Powazek was also not a proper basis for disqualification. Each of these orders stated: "This order constitutes a determination of the question of disqualification of the [trial] judge pursuant to section 170.3, subdivision (d)."

Benjamin filed three writ petitions with this court challenging Judge Powazek's orders striking his requests for disqualification. We summarily denied the first of these writ petitions (No. D078900) on May 14, 2021, and the Supreme Court denied review on July 28, 2021. We summarily denied the second petition (No. D078936) on May 19, 2021. We summarily denied the third petition (No. D079079) on June 18, 2021, and the Supreme Court denied review on August 11, 2021.[2]

As a self-represented litigant, Benjamin also filed multiple ex parte applications, many seeking to protest prior rulings, accuse the family court of abusive conduct, and relitigate issues already decided. Between July 9, 2020 and July 21, 2021, Benjamin filed at least 14 ex parte applications that were denied and one that was taken off calendar when he failed to appear. His ex parte applications included requests to "[r]emove the wacky court ordered

---

[2] We grant Sarah's unopposed request for judicial notice of records of Benjamin's filings in this court, the California Supreme Court, and the United States District Court for the Southern District of California, all of which were referred to in the trial court. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

3

custody schedule," grant "relief from the abusive clutches of Dept 19," "stop abuse," and "please stop raping my family."

Judge Powazek repeatedly admonished Benjamin not to file ex parte applications unless there was an emergency (Cal. Rules of Court, rule 3.1202(c)), but Benjamin continued to do so. Judge Powazek also warned Benjamin, "[w]e don't re-litigate on an ex parte basis, as you know."

Benjamin also filed and then ultimately dismissed three contempt charges against Sarah and two DVRO requests.

B. *Other Appellate Filings*

In addition to the three writ petitions seeking disqualification of Judge Powazek, Benjamin filed seven other appeals or writ petitions with this court during a 15-month period from June 3, 2020 through September 7, 2021, all arising out of the same underlying family court case. Benjamin abandoned one of these appeals (*Holtz v. Holtz* (Apr. 16, 2021, D077723) app. abandoned); he voluntarily dismissed a second appeal after full briefing (*Holtz v. Holtz* (May 26, 2021, D078795) app. dism.); we dismissed a third appeal on the basis that it was barred by Benjamin's abandonment of his prior appeals (*Holtz v. Holtz* (Sept. 22, 2021, D079329) app. dism.); and we summarily denied his four other writ petitions (Nos. D078702, Mar. 24, 2021 summary denial order; D078878, May 5, 2021 summary denial order; D079423, Sept. 8, 2021 summary denial order; and D079433, Sept. 9, 2021 summary denial order).

C. *Federal Court Action*

In a separate action that was removed to federal court in August 2021, Benjamin sued Judge Powazek, two other superior court judges, a superior court commissioner, a superior court executive officer, and three attorneys involved in the family court proceedings. (*Holtz v. Powazek* (Nov. 22, 2021,

4

No. 3:21-cv-01401-CAB-JLB) dism.)  He asserted claims including violations of the Civil Rights Act (42 U.S.C. §§ 1983, 1985, 1986) and the Racketeering and Corrupt Organizations Act (18 U.S.C. § 1962).  Benjamin's complaint alleged that he was suing "the black robed tyrants in San Diego County Family Court and other related associates/professionals" who "shall hereafter be referred to as the *Judicial Nobility Extortion Syndicate* (JNES)."

On October 19, 2021, the federal court granted a motion to dismiss the superior court defendants based on judicial immunity.  Holtz later dismissed all claims against the remaining parties.[3]

D. *Vexatious Litigant Order*

In May 2021, Sarah filed a request for order in the trial court to have Benjamin declared a vexatious litigant under section 391.  In a supporting declaration, she summarized 31 requests for relief Benjamin had filed as a self-represented litigant, and the outcome of each.  She also stated that she had spent over $46,000 in attorney fees from the start of the case, much of which was incurred in responding to Benjamin's constant filings.  In a supplemental declaration filed before the hearing, Sarah summarized 14 more requests for relief filed by Benjamin while the motion was pending, and the outcome of each.

On October 25, 2021, the trial court held a hearing and heard arguments on the motion.  Sarah's counsel argued that Benjamin met each of the alternative definitions of a vexatious litigant under section 391, subdivision (b)(1)-(3).  In response, Benjamin argued, "I did go through this civil avenue, I tried to correct what I viewed as some wrongs, but

---

[3]     The record suggests that Benjamin also filed another civil action against Judge Powazek and other judicial officers.  At the time of the hearing on the motion to declare Benjamin a vexatious litigant, this action had apparently been dismissed with leave to amend.

unfortunately they determined that my attempts are futile because there's no facts whatsoever that would support my arguments." He asserted, "I mean, I'm not vexatious. I just want to be a parent to [the child]. So, you know, if the court feels that I'm vexatious, that's up to you, you have that power."

The court noted it had never questioned that Benjamin had a strong bond with his son. The court also noted its reluctance to declare someone a vexatious litigant. However, the court expressed concerns about Benjamin's multiple unsuccessful filings and took the matter under submission.

Four days after the hearing, before any final ruling, Benjamin filed a sixth statement of disqualification of Judge Powazek. On November 2, 2021, Judge Powazek issued an order striking the sixth statement on the ground that it was "untimely, fails to allege any legal basis for disqualification, and is an improper repeat challenge because there are no new substantive allegations raised in the instant request to disqualify Judge Powazek from this case." The court noted that "[t]he majority of the Sixth Statement appears to be cut and pasted from [Benjamin]'s prior Statements of Disqualification."[4]

Also on November 2, 2021, the court issued an order after hearing granting Sarah's motion to have Benjamin declared a vexatious litigant. The court found that Benjamin "while acting in [propria] persona has repeatedly filed unmeritorious motions, pleadings and other papers and has engaged in tactics that were frivolous within the meaning of [Code of Civil Procedure] section 391[, subdivision] (b)(3) and therefore, he is declared a vexatious

---

4    Apparently unaware of Judge Powazek's order, the supervising judge later issued a separate order denying Benjamin permission to file the sixth statement of disqualification and ruling that his "latest effort includes no new facts, evidence or legal argument that compel a new look at these issues."

6

litigant." The court did not decide whether Benjamin met the alternative definitions of a vexatious litigant under section 391, subdivision (b)(1) or (2).

The court stated that it had considered the following unsuccessful filings by Benjamin in making the vexatious litigant determination: (1) fifteen ex parte applications, 14 of which were denied and one taken off calendar when Benjamin failed to appear; (2) three dismissed contempt proceedings; (3) two dismissed DVRO requests; (4) five judicial disqualification requests that were stricken; and (5) ten unsuccessful proceedings in the Court of Appeal and Supreme Court.

The court also imposed a prefiling order under section 391.7. The prefiling order stated that "unless represented by an attorney," Benjamin was "prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed."

Two days later, Benjamin filed a declaration accusing Judge Powazek of "absolute disregard for the law" and stating that "[s]eeking Mr. Powazek's removal from my case because he is a liar is not frivolous" because "I have proven him a liar." Benjamin asserted: "What this is all about is Mr. Powazek writing Orders because he does not like anyone who questions him."

After filing another notice of appeal, Benjamin requested permission to appeal. The presiding justice of this court granted his request in a written order stating: "The appeal is limited to the November 2, 2021 order(s) declaring appellant a vexatious litigant and imposing a prefiling order."

7

DISCUSSION

A. *Standard of Review*

We review a trial court's order declaring a party to be a vexatious litigant for substantial evidence. (*Goodrich v. Sierra Vista Regional Medical Center* (2016) 246 Cal.App.4th 1260, 1265 (*Goodrich*).) We must presume the order is correct and imply findings necessary to support the vexatious litigant designation. (*Id*. at pp. 1265-1266.) A reversal is required only if there is no substantial evidence to imply findings in support of the vexatious litigant designation. (*Id*. at p. 1266.)

B. *Vexatious Litigant Statutes*

The vexatious litigant statutes (§§ 391-391.7) are designed to curb misuse of the court system by those acting in propria persona who repeatedly file groundless lawsuits or motions to relitigate issues previously decided against them. (*Goodrich*, *supra*, 246 Cal.App.4th at p. 1265.) Section 391, subdivision (b) provides four alternative definitions of a vexatious litigant, including someone who "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).)

Section 391.7, subdivision (a) provides that the court may "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."

C. *Analysis of Vexatious Litigant Order*

As noted, the trial court declared Benjamin a vexatious litigant under section 391, subdivision (b)(3) based on its finding that he had repeatedly

8

filed unmeritorious motions, pleadings, and other papers, and had engaged in tactics that were frivolous.  Specifically, the court relied on Benjamin's unsuccessful ex parte applications, the dismissed contempt proceedings, the dismissed DVRO requests, the multiple requests for disqualification of Judge Powazek, and the 10 unsuccessful appeals and writ petitions.

For several reasons, Benjamin has failed to meet his burden of demonstrating any error.  First, Benjamin has failed to provide us with an adequate record on appeal.  A judgment or order of the lower court is presumed correct, and error must be affirmatively shown.  (*In re Julian R.* (2009) 47 Cal.4th 487, 498-499.)  Consequently, the appellant has the burden of providing an adequate record.  (*Bowser v. Ford Motor Co.* (2022) 78 Cal.App.5th 587, 610.)  Failure to provide an adequate record on appeal requires that the issue be resolved against the appellant.  (*Ibid.*)

Although Benjamin argues on appeal that he did not repeatedly file unmeritorious or frivolous pleadings, the appellate record does not include most of the pleadings the trial court relied on in reaching a contrary conclusion.  Specifically, the record does not include the dismissed contempt charges, the dismissed DVRO requests, the multiple requests for disqualification of Judge Powazek, the unsuccessful writ petitions and appellate filings, and many of Benjamin's unsuccessful ex parte applications.

Benjamin cannot overcome the presumption that the trial court's ruling is correct without including the relevant pleadings in the appellate record. We would have to review these pleadings to determine whether the trial court properly found them to be unmeritorious.  And the fact that Benjamin is self-represented does not excuse his failure to provide an adequate appellate record.  Self-represented litigants must follow the same rules of procedure as litigants who are represented by counsel.  (*Rappleyea v.*

9

*Campbell* (1994) 8 Cal.4th 975, 984-985; *Nwosu v. Uba* (2004) 122
Cal.App.4th 1229, 1247.)

Second, even if we were to decide the merits of the appeal based on the
limited record before us, there would still be ample evidence to support the
trial court's order. In one four-month period, Benjamin filed five repetitive
requests seeking disqualification of Judge Powazek, as well as three
repetitive writ petitions seeking the same relief. After they were all denied,
he filed a sixth statement of disqualification just days before he was declared
a vexatious litigant. In his appellate briefing, Benjamin makes no effort to
justify these duplicative requests for disqualification, explain why it was
proper for him to relitigate the same disqualification issue multiple times, or
demonstrate that any of these requests or writ petitions had a reasonable
probability of success.

Our independent review of the trial court's orders convinces us that
Benjamin had no reasonable probability of prevailing on any of his
disqualification requests. As Judge Powazek ruled, "the fact that [he] ruled
in a particular way, or in a way [Benjamin] believes is erroneous, is
insufficient to constitute legal evidence of prejudice, bias, or the inability to
be impartial." (*Brown v. American Bicycle Group, LLC* (2014)
224 Cal.App.4th 665, 674 ["[t]he mere fact that the trial court issued rulings
adverse to [plaintiff] on several matters in this case, even assuming one or
more of those rulings were erroneous, does not indicate an appearance of
bias, much less demonstrate actual bias"].) No matter how much they may
have upset Benjamin, these rulings and the opinions Judge Powazek formed
and expressed during the course of the judicial proceedings do not even
arguably amount to a disqualifying bias. (*Moulton Niguel Water Dist. v.
Colombo* (2003) 111 Cal.App.4th 1210, 1219-1220.) "When making a ruling, a

judge interprets the evidence, weighs credibility, and makes findings.  In doing so, the judge necessarily makes and expresses determinations in favor of and against parties.  How could it be otherwise?" (*Id*. at p. 1219.)  And it is settled that a litigant cannot disqualify a judge who has issued adverse rulings just by filing a lawsuit against him.  (*First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 867.)

There was certainly no reasonable basis for Benjamin to file multiple, repetitive statements of disqualification.  The statute itself provides:  "A party may file no more than one statement of disqualification against a judge unless facts suggesting new grounds for disqualification are first learned of or arise after the first statement of disqualification was filed.  Repetitive statements of disqualification not alleging facts suggesting new grounds for disqualification shall be stricken by the judge against whom they are filed." (§ 170.4, subd. (c)(3).)  Benjamin does not contend that he had any new grounds for disqualification justifying his multiple requests.  Thus, the record supports a finding that Benjamin's duplicative requests for disqualification were unmeritorious.

These requests for disqualification would be enough to sustain the trial court's order finding Benjamin to be a vexatious litigant under section 391, subdivision (b)(3)—even without considering any of his other unsuccessful requests for relief.  An essential purpose of the statute is "to curb misuse of the court system by those acting as self-represented litigants *who repeatedly relitigate the same issues*." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635, italics added.)  A litigant's "persistent and obsessive use of judicial challenges . . . without regard to timeliness or validity, rises to the level of a frivolous litigation tactic that qualifies them as vexatious litigants under section 391, subdivision (b)(3) . . . ." (*Id*. at p. 639.)  And five (or six)

11

duplicative requests for disqualification plus three repetitive writ petitions seeking disqualification are more than enough. Indeed, "as few as three motions might form the basis for a vexatious litigant designation where they all seek the exact same relief, which has already been denied . . . ." (*Goodrich*, *supra*, 246 Cal.App.4th at p. 1266; see also *id.* at p. 1268 [holding litigant "repeatedly" filed unmeritorious motions within the meaning of subdivision (b)(3) by filing three motions attempting to relitigate final judgment].)

Benjamin has also failed to demonstrate any error in the trial court's reliance on his other unsuccessful filings. The record shows that Benjamin repeatedly filed ex parte applications to relitigate issues already decided and make accusations of allegedly "abusive" treatment by the court. Benjamin also ignored repeated warnings from the court about his improper use of ex parte applications. Even the ones Benjamin has chosen to include in the appellate record contain patently frivolous requests for relief, such as "relief from the abusive clutches of Dept 19" and a request to "please stop raping my family." Likewise, Benjamin has shown no error in the trial court's reliance on the three dismissed contempt proceedings, the two dismissed DVRO requests, and the multiple unsuccessful writ petitions and appeals to make its ruling under section 391, subdivision (b)(3).

Benjamin asserts that not every one of his multiple requests for relief was denied. As a matter of law, however, this does not preclude a finding that Benjamin is a vexatious litigant within the meaning of section 391, subdivision (b)(3). (See, e.g., *In re Luckett* (1991) 232 Cal.App.3d 107, 109 [finding individual was vexatious litigant notwithstanding "his successes in certain lawsuits"].)

Finally, although the trial court only relied on section 391, subdivision (b)(3) as a basis for declaring Benjamin to be a vexatious litigant, its ruling may also be affirmed under the alternative definition contained in subdivision (b)(1). (See *Perlin v. Fountain View Management, Inc.* (2008) 163 Cal.App.4th 657, 663-664 [appealed order must be sustained if correct on any theory of law applicable to the case].) Subdivision (b)(1) defines a vexatious litigant to include someone who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . ." (§ 391, subd. (b)(1).)

As a self-represented litigant, Benjamin filed three writ petitions challenging the trial court's disqualification rulings in 2021. We summarily denied all three petitions. When a writ petition is the exclusive means for obtaining appellate review of the challenged order, a summary denial "is properly considered a final determination of litigation for purposes of qualifying for vexatious litigant status under section 391, subdivision (b)(1)." (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1173 (*Fink*).) This applies to "a ruling on a motion to disqualify a judge under section 170.3, subdivision (d)." (*Id.* at p. 1172.) Such a ruling "is not an appealable order and may be reviewed only by a writ of mandate . . . ." (§ 170.3, subd. (d).) Thus, our summary denials of these three writ petitions each qualify as final adverse determinations under section 391, subdivision (b)(1).[5]

---

[5] Our summary denials of Benjamin's other writ petitions do not qualify under subdivision (b)(1), because they pertained to orders for which writ relief was not the exclusive means of obtaining appellate review. (*Fink*, *supra*, 180 Cal.App.4th at pp. 1172-1173.)

13

Benjamin also filed three appeals as a self-represented litigant in 2020 through 2021 (not including this one).  He abandoned one of these appeals; he dismissed a second appeal after full briefing; and we dismissed the third appeal on the basis that it was barred by Benjamin's abandonment of his prior appeals.

The word "litigation" in section 391, subdivision (b)(1) includes appeals. (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406 (*Garcia*).)  Moreover, "[a] litigation is finally determined adversely to a plaintiff if he does not win the action or proceedings he began, including cases that are voluntarily dismissed by a plaintiff." (*Ibid*.)  "A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion." (*Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779.)  Thus, the dismissal or abandonment of each of the three prior appeals Benjamin filed in 2020 through 2021 also qualify under section 391, subdivision (b)(1).  (See *Fink*, *supra*, 180 Cal.App.4th at pp. 1173-1174 [appeals dismissed as untimely qualified as final determination of litigation under § 391, subd. (b)(1)].)

Benjamin's three unsuccessful appeals plus his three unsuccessful writ petitions on judicial disqualification yield a total of six qualifying adverse determinations against him under section 391, subdivision (b)(1).  The record therefore establishes that Benjamin commenced more than five litigation matters in propria persona within the seven-year period preceding the trial court's order that were finally determined adversely to him.  (§ 391, subd.

14

(b)(1).)  Accordingly, the trial court's order declaring him a vexatious litigant was proper under section 391, subdivision (b)(1) and (3).[6]

Like the trial court, we have no reason to question Benjamin's bond with his son.  We also recognize that heightened emotions often come into play in a child custody dispute.  But a self-represented litigant is still expected to play by the rules.  He may not take out his frustrations on the judicial system by obsessively filing unmeritorious and repetitive motions, pleadings, appeals, and writ petitions seeking to relitigate matters already decided.  Such vexatious conduct imposes unreasonable burdens and costs on the opposing party and the courts—which the vexatious litigant statutes are designed to prevent.

---

[6]     We need not decide whether any of Benjamin's unsuccessful petitions for review in the California Supreme Court or his withdrawn DVRO and contempt requests also qualify under section 391, subdivision (b)(1).  We also do not rely on the federal court's dismissal of his lawsuit against Judge Powazek and others, as we cannot determine from the record whether the dismissal order is still subject to appellate review.  (See *Garcia, supra*, 231 Cal.App.4th at p. 407, fn. 5 ["A particular litigation is finally determined when avenues for direct review (appeal) have been exhausted or the time for appeal has expired."].)

DISPOSITION

The order declaring Benjamin to be a vexatious litigant and the prefiling order are affirmed. Respondent shall recover her costs on appeal.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.