Filed 10/10/24  Elias v. Jensen CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID ELIAS, | |
| Plaintiff and Appellant, | G063012 |
| v. | (Super. Ct. No. 30-2018-00980796) |
| SUZANNE JENSEN, et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Catherine Evans, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

David Elias, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Appellant David Elias appeals from an order declaring him a vexatious litigant and prohibiting him from filing any new state court litigation in propria persona without first obtaining leave to do so. Because appellant fails to demonstrate any prejudicial error, we affirm the order.

FACTS AND PROCEDURAL BACKGROUND[1]

The underpinning of this case is a probate matter. At some point during the trial court proceedings, respondents filed a motion to have appellant declared a vexatious litigant. The court denied the motion but noted that appellant's "'conduct certainly [gave] the court pause and concern, suggesting a pattern of conduct that . . . if continued would rise to the level of being "vexatious."'" It further "'strongly cautioned'" appellant that "'his conduct in [the] proceeding may be cited in any future motion to declare him [a] vexatious [litigant].'"

Following numerous additional filings, a trial on certain matters, and multiple appeals by appellant, respondents once again filed a motion requesting that appellant be declared a vexatious litigant. Appellant opposed the motion arguing, inter alia, respondents were using it as a diversionary tactic to avoid certain alleged trust obligations.

The trial court held an initial hearing and thereafter allowed the parties to submit supplemental briefing concerning whether certain identified filings by appellant qualified as ""unmeritorious motions, pleadings, or other papers, . . . [or] other tactics that are frivolous or solely

---

[1] The appellate record in this case is very sparse. The brief background we provide is based on what we are able to glean from the record.

intended to cause unnecessary delay'" within the meaning of [Code of Civil Procedure] § 391,[subdivision] (b)(3)."[2]

After a continued hearing, at which all parties had the opportunity to orally present their positions, the temporary judge hearing the motion issued an order granting respondents' motion. The written ruling listed roughly four dozen court filings by appellant since the time of the ruling on the first vexatious litigant motion, and it described them as "repetitive," "difficult to decipher," and unsuccessful. Based on appellant's actions of "repeatedly fil[ing] unmeritorious motions, pleadings, or other papers," the court found appellant to be a vexatious litigant and issued a prefiling order "prohibit[ing] [him] from filing any new litigation in the courts of this state in propria persona . . . without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."

Appellant timely appealed.

DISCUSSION

Appellant challenges the order granting respondents' motion to declare him a vexatious litigant.[3] To the best we can decipher his contentions, he claims the order was unlawful for two reasons: the temporary judge's decision to decide the matter despite his objection to the temporary

---

[2] All statutory references are to the Code of Civil Procedure.

[3] "While an order declaring a person to be a vexatious litigant is not itself appealable [citation], such order may be reviewed 'in conjunction with an appeal from some subsequent otherwise appealable judgment or order.' [Citation.] Relevant here, an order requiring a person to obtain permission from the presiding judge or justice before filing 'new litigation' in propria persona [citation] is injunctive in nature and therefore appealable under section 904.1, subdivision (a)(6)." (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 618-619 (*Deal*).)

3

judge violated the constitutional guarantees of due process and equal protection; and there is insufficient evidence to support the vexatious litigant determination.

As this court explained in two prior appeals by appellant (*Elias v. Jensen* (July 19, 2023, G061519) [nonpub. opn.]; *Elias v. Jensen* (Mar. 3, 2022, G060100 & G060101) [nonpub. opn.]), a person's status as an in propria persona litigant does not exempt them from the rules of appellate procedure or relieve them of the burden of demonstrating prejudicial error. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) Part of that responsibility involves providing reasoned argument and citation to supporting authority, along with citations to the appellate record. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 (*Benach*); Cal. Rules of Court, rule 8.204(a)(1)(C).)

Appellant's failure to fulfil these universally applicable obligations results in each of his arguments being waived. (See *Benach, supra*, 149 Cal.App.4th at p. 852; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.) Even if we were to consider his arguments on the merits, insofar as we understand them, appellant would fare no better.

## I.

### STIPULATION TO TEMPORARY JUDGE

Appellant argues the trial court's order is void because the temporary judge who issued it violated his constitutional rights by hearing the vexatious litigant motion even though he objected to the temporary judge.

A key piece of factual information seemingly overlooked by appellant is that the hearing at which he objected was not the initial hearing on respondents' motion, but instead the continuation of a hearing which began on a prior date. According to the temporary judge, all parties

4

stipulated at the initial hearing date to the temporary judge hearing the vexatious litigant motion. Appellant does not assert, let alone demonstrate, otherwise.

To withdraw a stipulation for the appointment of a temporary judge, a party must file an application or motion to withdraw the stipulation, which "must be supported by a declaration of facts establishing good cause for permitting the party to withdraw the stipulation." (Cal. Rules of Court, rule 2.816(e).) Appellant did not do so. Thus, his stipulation to the temporary judge remained valid and his attack on the order on this basis fails. (See *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.)

II.

VEXATIOUS LITIGANT DECLARATION

"'The vexatious litigant statute (§ 391 et seq.) was enacted "'to curb misuse of the court system'" by "'persistent and obsessive' litigants." [Citation.]' [Citation.] Relevant here, a "'[v]exatious litigant'" is one who, proceeding in propria persona, . . . 'repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay' (inter alia)." (*Deal, supra*, 45 Cal.App.5th at p. 618.)

"'A court exercises its discretion in determining whether a person is a vexatious litigant'" based on statutory criteria. (*Deal, supra*, 45 Cal.App.5th at p. 621; see § 391, subd. (b).) "Once a person has been declared a vexatious litigant, the court, on its own or a party's motion, may 'enter a prefiling order which prohibits [the person] from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.'" (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1170; see § 391.7.)

"We review the trial court's order declaring a party to be a vexatious litigant for substantial evidence. [Citation.] We are required to presume the order declaring a litigant vexatious is correct and imply findings necessary to support that designation. [Citation.] A reversal is required only where there is no substantial evidence to imply findings in support of the vexatious litigant designation." (*Goodrich v. Sierra Vista Regional Medical Center* (2016) 246 Cal.App.4th 1260, 1265-1266.)

Here, the trial court found appellant qualified as a vexatious litigant because, "while acting in propria persona, [he] repeatedly file[d] unmeritorious motions, pleadings, or other papers, . . . or engage[d] in other tactics that [were] frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).) In the written ruling explaining its reasoning, it listed 48 moving documents filed by appellant in this case, consisting of various petitions, motions, and requests. The court described the filings as "repetitive and difficult to decipher," and noted none of them were successful.

Appellant argues some of his petitions and motions were denied without prejudice or not ruled upon, and those filings cannot be a basis for deeming him a vexatious litigant. However, that a court denies a motion or other moving paper without prejudice does not, itself, preclude the court from considering it in the context of a vexatious litigant determination. Depending on the circumstances, it may still amount to an "unmeritorious motion[] . . . or other paper[]." (§ 391, subd. (b)(3).) And, for example, a court might determine the denied motion was "solely intended to cause unnecessary delay." (*Ibid*.)

Equally important, none of the documents or court rulings alluded to by appellant are in the record, and it is unclear how many of the four dozen documents relied on by the trial court are being challenged by

6

him. Providing an adequate record for review is part and parcel of an appellant's obligation to demonstrate prejudicial error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; *Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178 (*Parker*).) In the context of a substantial evidence challenge, as in this case, an adequate record means the entirety of the evidence presented to the trial court on the matter. (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [appellants who elected not to provide transcript of trial court proceedings had no basis for arguing evidence presented at trial was insufficient to support court's injunctive relief finding]; *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 [party challenging sufficiency of evidence to support finding must "set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable"].)

Appellant's failure to present us with an adequate record defeats his insufficiency of the evidence challenge to the vexatious litigant finding. (See *Parker, supra*, 212 Cal.App.4th at p. 1178 [concluding appellant's failure to designate adequate record to evaluate insufficiency of evidence claim required presumption judgment was correct]; *Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660 ["Failure to provide an adequate record on an issue requires that the issue be resolved against appellant"].)

Similarly unavailing are appellant's attempts to undermine the trial court's determination by reference to the anti-SLAPP (strategic lawsuit against public participation) statute and the SLAPPback statute, sections 425.16 and 425.18, respectively. Although not in the record, it appears appellant filed an anti-SLAPP motion to strike respondents' vexatious litigant motion. In undeveloped arguments, he claims his motion had merit and, citing the SLAPPback statute, he contends respondents' motion was not timely.

Neither the anti-SLAPP statute nor the SLAPPback statute has any relevance here. The former aims to curb meritless lawsuits which seek to deter common citizens from exercising their political or legal rights or to punish them for doing so. (§ 425.16, subd. (a); *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278.) To that end, it allows a defendant to file a special motion to strike one or more causes of action in a complaint if a certain showing is made. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009.) Relatedly, the SLAPPback statute concerns "malicious prosecution [actions] 'filed by the target of a SLAPP suit against the SLAPP filer after the dismissal of the SLAPP suit as a result of the target's appropriate use of the SLAPP statute.'" (*Soukup,* at p. 279.)

Because appellant fails to demonstrate error, we must affirm the vexatious litigant determination.

## DISPOSITION

The challenged order is affirmed. No costs are awarded because respondents did not appear in this appeal.

DELANEY, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

8