Filed 4/29/25  Nesbit v. Walgreen Co. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ANDRE NESBIT, | B338853 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23STCV17983) |
| v. | |
| WALGREEN CO., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Jon R. Takasugi, Judge.  Affirmed.

Andre Nesbit, in pro. per., for Plaintiff and Appellant.

Leibl, Miretsky & Mosely, Loren Leibl, Michael Miretsky, and J. Adam Laufer for Defendant and Respondent.

_____

Andre Nesbit (Nesbit) appeals from an order declaring him a vexatious litigant.  (Code Civ. Proc., § 391, subd. (b)(2).)[1]  Because substantial evidence supports the trial court's order, we affirm.

**FACTS AND PROCEDURAL BACKGROUND[2]**

I.    The Complaint

In August 2023, Nesbit sued Walgreen Co. (Walgreen) for alleged violations of the Unruh Civil Rights Act (Civ. Code, § 51 et seq.) (Unruh Act) and the relevant municipal equivalent (L.A. Mun. Code, § 51.03).[3]  Nesbit alleged that he was discriminated against by a cashier on the basis of his race, and, when he tried to reenter the store, was battered and/or assaulted by a third-party contractor working as a security guard (security guard).

II.    Walgreen's Motion to Declare Nesbit a Vexatious Litigant

On March 6, 2024, Walgreen filed a motion to declare Nesbit a vexatious litigant.  The motion identified 17 lawsuits filed by Nesbit, in propria persona, between 2018 and 2023.  Walgreen argued that these lawsuits qualified Nesbit as a vexatious litigant because at least nine of them had been "adversely determined against him[.]"  And in many of these

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]    The appellate record is missing several key items, including the operative complaint.  To the extent possible, we describe omitted documents and exhibits as they are characterized elsewhere in the record.

[3]    The operative first amended complaint (FAC) was filed in October 2023.  From the incomplete appellate record, it does not appear that the allegations in the FAC differed materially from the original complaint.

actions, Nesbit demonstrated a "tendency for meritless and frivolous litigations[.]" One case was "dismissed . . . because it . . . was frivolous or malicious."[4] Three other suits were filed against a judge who had previously decided "a domestic case which had unfavorable results to" Nesbit.[5] Three others were "dismissed for want of prosecution."[6]

Additionally, Walgreen asked the trial court to order Nesbit to provide a security to continue litigating, as he had no reasonable probability of success on the merits. (§ 391.1.) In support of its contention, Walgreen relied on (1) videos of the alleged incident taken by Nesbit and the security guard and (2) declarations from the security guard and Ruby Rivas-Flores (Rivas-Flores), a Walgreen employee who intervened in Nesbit's confrontation with the cashier.[7] Walgreen argued that this

---

[4] *Nesbit v. Domino's Pizza, LLC* (C.D. Cal., Mar. 10, 2023, No. 2:23-cv-01280).

[5] *Nesbit v. Prude* (Ill. Cir. Ct., Cook County, 2019, No. 2018CH11206); *Nesbit v. Bates* (Ill. Cir. Ct., Cook County, 2020, No. 2020-L0005033); *Nesbit v. Cook County* (C.D. Cal., Jul. 6, 2021, No. 2:21-cv-05320).

[6] *Nesbit v. KBP Foods* (Ill. Cir. Ct., Cook County, 2018, No. 2018-M6000121); *Nesbit v. Richton Park Police Department* (Ill. Cir. Ct., Cook County, 2019, No. 2019-CH-03170); *Nesbit v. Progressive Insurance* (Ill. Cir. Ct., Cook County, 2018, No. 20186000079).

[7] Rivas-Flores's declaration attested that she responded to a cashier's call for help following the initial confrontation with Nesbit. Nesbit "complained that the cashier had been rude to him" before voluntarily leaving the store. Rivas-Flores "later spoke to the cashier . . . and determined from her that . . . Nesbit was adding money to a 'cash card.' Per policy, [the cashier] asked

evidence established that defendant was neither denied service nor discriminated against.

III.    Nesbit's Response

Nesbit filed a written response to the motion, arguing that one of the nine lawsuits Walgreen identified was pending appeal and thus had not yet been finally determined against him.[8]  As to the remaining eight lawsuits, Nesbit accused Walgreen of "compil[ing] a fraudulent record to support a flawed vexatious litigant motion" by searching for "out-of-state cases in which [Walgreen] has not proved anything other than [Nesbit's] names match[.]"

IV.    Trial Court's Orders

On May 28, 2024, after entertaining oral argument, the trial court granted Walgreen's motion to declare Nesbit a vexatious litigant.  The court found that Nesbit had commenced, prosecuted, or maintained, in propria persona, at least five litigations over the last seven years that were finally determined adversely to him.  The court noted that Nesbit "d[id] not deny that" the cases Walgreen identified "were, in fact, brought by him[.]"

---

[Nesbit] if he understood that once [he] added cash to the card, the card could not be used to get cash.  When . . . Nesbit did not respond, she repeated the question two more times.  He finally confirmed his knowledge and the transaction was completed. [The cashier] laid two $20[] bills on the counter  . . . .  It was then that . . . Nesbit became loud, angry, and demanding."

Neither the videos nor the security guard's declaration appear in the appellate record.

[8]     *Nesbit v. FF Firearms* (Super Ct. L.A. County, 2024, No. 23STCV1949).

4

The trial court also found that Nesbit could not "show a reasonable possibility of prevailing on the merits" of his discrimination claims. Walgreen submitted evidence showing that its cashier asked Nesbit a routine question, "as [she] was required to ask of all such patrons[;]" when Nesbit did not respond, the cashier repeated the inquiry. Moreover, Nesbit's "own video demonstrates that it was [he] who caused the contact" with the security guard: Nesbit "walked forward and would have walked into the security guard but for [the security guard] putting up his hand." "The videos show that [Nesbit] was out of control, threatening, angry and making racist comments toward the security guard[.]" And Nesbit did "not submit[] any evidence to show a reasonable possibility of prevailing on the merits[.]" In particular, although it was "undisputed that [the security guard] is not a Walgreen . . . employee" and "works for an independent third-party contractor[,]" "[t]here is no evidence that would impose liability against Walgreen . . . for the actions of a non-employee third party contractor."

Based on these findings, the trial court "grant[ed] [Walgreen]'s request to furnish a security of $25,000, and issue[d] a prefiling order."

V.     Appeal

Nesbit timely appealed.

5

**DISCUSSION[9]**

I.    <u>Standard of Review</u>

"The trial court exercises its discretion in determining whether a person is a vexatious litigant.  Review of the order is accordingly limited and the Court of Appeal will uphold the ruling if it is supported by substantial evidence.  Because the trial court is best suited to receive evidence and hold hearings on the question of a party's vexatiousness, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.  [Citations.]" (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636 (*Golin*).)

"Likewise, a court's decision that a vexatious litigant does not have a reasonable chance of success in the action is based on an evaluative judgment in which the court weighs the evidence.  If there is any substantial evidence to support the court's determination, it will be upheld." (*Golin, supra,* 190 Cal.App.4th at p. 636.)

The "conflicting evidence" and "conflicting inference" rules are corollary to the substantial evidence rule and require the appellate courts to view the record in the light most favorable to the respondent and to resolve all evidentiary conflicts and

---

[9]    Nesbit's appellate briefs fail to comply with multiple rules of appellate practice; for example, he often fails to support factual assertions with citations to the record (*Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 595–596), and makes little effort to identify relevant standards of review (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948).  In the interest of thoroughness, we will address the merits of his appeal.  However, we disregard all arguments that are unsupported by citation to legal authority.  (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*).)

indulge all reasonable inferences in support of the trial court's order. (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614; *Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 925–926.)

II.   Relevant Law

"The vexatious litigant statutes were created to curb misuse of the court system by those acting in propria persona who repeatedly file groundless lawsuits[.]" (*Goodrich v. Sierra Vista Regional Medical Center* (2016) 246 Cal.App.4th 1260, 1265 (*Goodrich*).)  One of these statutes authorizes "a defendant [to] move the court . . . for an order requiring the plaintiff to furnish security . . . .  The motion . . . shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that they will prevail in the litigation." (§ 391.1, subd. (a).)  "At the hearing upon the motion the court shall consider any evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion." (§ 391.2.)

Another vexatious litigant statute provides that "the court may, on its own motion . . . enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a).)

III.   Analysis

The record amply supports the trial court's finding that defendant is a vexatious litigant.  "[T]o be declared a vexatious litigant, the plaintiff must come within one of the definitions in section 391, subdivision (b)."[10] (*Goodrich, supra,* 246 Cal.App.4th

---

[10]   Nesbit urges us to substitute various federal tests for California's statutory definition of vexatious litigant, but cites no

7

at p. 1265.) As relevant here, the statute defines a "'[v]exatious litigant'" as a person who, "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least *five* litigations other than in a small claims court that have been . . . finally determined adversely to the person[.]"[11] (§ 391, subd. (b)(1), italics added.)

Not counting the one case pending appeal at the time of the May 2024 vexatious litigant hearing, Walgreen proffered *eight* civil actions that were maintained by Nesbit, in propria persona, within the past seven years.[12] These cases included three matters targeting judges who had previously adjudicated matters involving Nesbit. (*Golin*, *supra*, 190 Cal.App.4th at pp. 634–635 ["''The purpose of the [vexatious litigant statutes] is to deal with the problem created by the persistent and obsessive litigant who has constantly pending a number of groundless actions, often against the judges and other court officers who decide

---

authority allowing us to do so. (*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520.)

[11] In this context, the term "'[l]itigation' means any civil action or proceeding, commenced, maintained, or pending in any state or federal court." (§ 391, subd. (a).)

[12] *Nesbit v. Progressive Insurance* (Ill. Cir. Ct., Cook County, 2018, No. 20186000079); *Nesbit v. KBP Foods* (Ill. Cir. Ct., Cook County, 2018, No. 2018-M6000121); *Nesbit v. Richton Park Police Department* (Ill. Cir. Ct., Cook County, 2019, No. 2019-CH-03170); *Nesbit v. Prude* (Ill. Cir. Ct., Cook County, 2019, No. 2018-CH-11206); *Nesbit v. Bates* (Ill. Cir. Ct., Cook County, 2020, No. 2020-L0005033); *Nesbit v. Cook County* (C.D. Cal., Jul. 6, 2021, No. 2:21-cv-05320); *Nesbit v. Domino's Pizza, LLC* (C.D. Cal., Mar. 10, 2023, No. 2:23-cv-01280); *Nesbit v. Speedway, LLC* (C.D. Cal., Mar. 23, 2023, No. 2:23-cv-00912).

8

. . . previous actions adversely to him.'" [Citations.]"].) And, contrary to Nesbit's assertions, at the time of the hearing, all eight cases were "finally determined adversely" to him. This is more than enough to justify declaring Nesbit a vexatious litigant.

The record also supports the determination that there is no reasonable probability that Nesbit could succeed on the merits of his discrimination claims. Both his Unruh Act and municipal causes of action required Nesbit to show that Walgreen denied him service on the basis of his race. (See, e.g., Civ. Code, § 51, subd. (b) [providing that no person shall be denied "full and equal . . . services in all business establishments" regardless of their race]; L.A. Mun. Code, § 51.03 [prohibiting discrimination in commerce on the basis of actual or perceived race].)

Nesbit insists that Walgreen "presented no evidence" on the probability of his success on the merits. He is wrong. Walgreen proffered declaration testimony from Rivas-Flores, who explained that, despite Nesbit's confrontational and aggressive behavior, a Walgreen cashier offered routine service and sold him the cash card he requested; Nesbit then left the store voluntarily. And Walgreen pointed to video evidence—including a video filmed and sent to Walgreen by Nesbit himself—showing that Nesbit later returned to the store and instigated an altercation with a security guard who was not employed by Walgreen.

On this record, Nesbit could not prove his allegations that a Walgreen cashier discriminatorily denied him service and a third-party security guard assaulted him, or establish that Walgreen should be liable for the latter incident. Yet Nesbit submitted no competing evidence for the trial court to weigh against Walgreen's.

9

On appeal, Nesbit accuses Walgreen—and the trial court—of "falsely claim[ing] that the [FAC] stated that [he] was suing under the Unruh [A]ct" even though he actually "su[ed] under the Tom Bane Act" and/or "the Doctrine of Negligence Per Se". Similarly, Nesbit insists that the court "falsely stated that it received no evidence" from him when the FAC "ha[d] seven different exhibits" that purportedly demonstrate his discrimination claims. But because Nesbit failed to include a copy of the FAC or its exhibits in the appellate record, we must assume that the absent documents supported the trial court's findings. (*Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 977 [the appellant bears the "burden of showing error by an adequate record"]; *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["We cannot presume error from an incomplete record"].)

In short, because substantial evidence supports the trial court's findings that Nesbit is a vexatious litigant and has no probability of succeeding on the merits of his claim, we affirm the order declaring him a vexatious litigant, requiring him to furnish security, and entering a prefiling order.[13]

---

[13] Because we resolve the appeal on this ground, the parties' alternate arguments regarding whether this appeal should be stayed by the trial court's prefiling order are moot.

## DISPOSITION

The order is affirmed.  Walgreen is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, Acting P. J.
ASHMANN-GERST

We concur:

_____, J.
CHAVEZ

_____, J.
RICHARDSON

11