Filed 2/3/26  Song v. Jennings CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| CHERIE Y. SONG et al.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>LAURENCE J. JENNINGS,<br><br>        Defendant and Appellant. | A172918<br><br>(Alameda County Super. Ct. No. HG21100522) |

The case concerns a feud between a homeowners' association and Laurence J. Jennings, the son of one of its former directors.  Jennings is a self-represented litigant who is the defendant in the instant case and the plaintiff in at least four other suits against the association.  He appeals from the trial court's order declaring him a vexatious litigant under Code of Civil Procedure section 391, subdivision (b)(3).[1]  We affirm.

### BACKGROUND

### A.

In 2021, the Bayside Court Owners Association and one of its members, Cherie Y. Song (collectively, Song) filed a petition against Jennings, seeking to quiet title to certain common

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

property that is part of the West Oakland condominium project managed by the Association. Song alleged that the property was improperly conveyed to Jennings by his father, who had been ousted as a member of the Association's board of directors.

In October 2022, Jennings filed a complaint in excess of 1,000 pages against the Association, some of its members, and others, alleging that they defrauded him of an ownership interest in various common areas located within the project (*Jennings v. Bayside Court Owners Association et al.* (Super. Ct. Alameda County, 2022, No. 22CV020739)) (*Jennings 1*). The petition sought to quiet title to the disputed areas, to invalidate allegedly fraudulent deeds, and to enforce the project's covenants, conditions, and restrictions (CC&Rs). Sixteen months later, after the trial court granted the Association's motion to compel his appearance at his deposition, Jennings obtained a voluntary dismissal of the case without prejudice. (See *Jennings v. Bayside Court Owners Association Inc.* (June 27, 2025, A171339) [nonpub. opn.].) In his request for dismissal, Jennings declared under penalty of perjury that he had "not recover[ed] anything of value by this action."

In the two years or so after initiating *Jennings 1*, Jennings filed at least three more lawsuits against the Association along with others. In September 2023, while *Jennings 1* was still pending, he filed a 988-page complaint (*Jennings v. Drouin et al.* (Super. Ct. Alameda County, 2023, No. 23CV042929)) (*Jennings 2*) asserting fraud, breach of fiduciary duty, breach of contract, breach of CC&Rs, and other claims based on allegations that the Association and others had illegally converted specified common areas within the project (encompassing property at issue in *Jennings 1*) for personal use. Jennings followed that case with separate complaints against the Association in June and December of 2024. (*Jennings v. Bronaugh et al.* (Super. Ct. Alameda County, 2024, No. 24CV080795) (*Jennings 3*); *Jennings*

2

*v. Matthews et al.* (Super. Ct. Alameda County, 2024, No. 24CV102683) (*Jennings 4*)).

## B.

In the instant litigation, Song filed a motion to declare Jennings a vexatious litigant under section 391, which aims to reduce abuse of the court system by unrepresented litigants. (See *In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 618 (*Deal*)). Pursuant to section 391.7, subdivision (a), Song sought a prefiling order prohibiting Jennings from filing any new litigation in California courts without obtaining advance approval from the presiding judge of the applicable court.

The trial court granted the motion. In addition to the filings in the instant litigation, the court also considered filings in *Jennings 1*, *Jennings 2*, *Jennings 3*, and *Jennings 4*. The court noted that *Jennings 2* involved "the same subject matter at issue in *Jennings 1*" and that the fraud alleged in *Jennings 3* was "the same that was alleged in *Jennings 1*." Further, *Jennings 4* "appears [to be] related to the subject matter at issue [in] *Jennings 1* and *Jennings 2*." Based on its review of the filings in these cases, the court concluded that, under section 391, subdivision (b)(3), Jennings "repeatedly engages in tactics that are frivolous or solely intended to cause unnecessary delay; and wastes the time and resources of the parties and the public."

## DISCUSSION

## A.

Jennings contends that the trial court misapplied section 391, subdivision (b)(3). On our de novo review of the statutory questions he asserts (see *In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1346), we disagree.

First, Jennings erroneously maintains that section 391's statutory scheme cannot be applied to a defendant. To the

3

contrary, section 391, subdivision (b), " 'applies to any litigant— plaintiff or defendant—who, "acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." ' " (*Deal, supra*, 45 Cal.App.5th at p. 620; see also *In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 77 ["A self-represented defendant may be designated a vexatious litigant even if he did not initiate the litigation in the trial court."]; *John v. Superior Court* (2016) 63 Cal.4th 91, 99 [recognizing that section 391 does not preclude a court from declaring a defendant appellant a vexatious litigant].)

Jennings's authorities are not to the contrary. For instance, *Shalant v. Girardi* (2011) 51 Cal.4th 1164, held that an order precluding a vexatious litigant from "filing any new litigation" in pro per under section 391.7 does not preclude such a litigant from *maintaining* an action originally filed with the assistance of counsel. (*Id*. at pp. 1172-1173.) As *Shalant* makes clear, section 391, subdivision (b)(3), separately applies to "motions, pleadings, or other papers" filed in the course of a litigation. (*See id*. at p. 1174.)

Further, Jennings mischaracterizes the trial court's order as penalizing him for mounting a meritorious defense. Setting aside the question of whether his defense in this case was meritorious, the court based its determination, at least in part, on four other cases in which he was the plaintiff (*Jennings 1*, *Jennings 2*, *Jennings 3*, and *Jennings 4*).

Second, contrary to Jennings's argument, the court was not required to consider whether Jennings is a vexatious litigant under alternative definitions in the statute. (See *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1169.)

4

**B.**

Jennings next asserts that the trial court's order declaring him a vexatious litigant was unsupported by substantial evidence and therefore constituted an abuse of discretion. We are unpersuaded.

As Song notes, Jennings's failure to supply an adequate record for our review is a problem for his appeal. Jennings has not provided us with the reporter's transcript of the hearing. Nor has he supplied the complaints filed in two of the four other cases (*Jennings 3* and *Jennings 4*) relied upon by the trial court in concluding that he was a vexatious litigant.[2] (See *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 417 [stating that where the appellant's appendix included some but not all of the evidence and filings relevant to the issues on appeal and omitted the reporters' transcripts of the applicable hearings, the court of appeal was "in no position to speculate or second-guess the trial court on discretionary matters"]; *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 ["The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion."].)

It is Jennings's burden, as the appellant, to provide a sufficient record and to affirmatively demonstrate that the trial

---

[2] We note that a 405-page complaint, captioned "Jennings v. Bronaugh," appears in Jennings's Appendix and is identified in the index as relating to the same case number as *Jennings 3*, but the document itself bears neither a case number nor a file stamp. Without a file-stamped copy in the record, it is impossible for the court to ascertain whether the complaint included in the Appendix is identical to the filed version of the complaint in *Jennings 3*. (See *Sahadi v. Scheaffer* (2007) 155 Cal.App.4th 704, 723 [explaining that where there was no indication that items in the appendix had been filed or submitted in the trial court, their inclusion in the appendix was improper and the items must be disregarded by the reviewing court].)

court erred. (*Deal*, *supra*, 45 Cal.App.5th at p. 622; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) We must presume the trial court's vexatious litigant order is correct and imply any findings necessary to support it.[3] (*Deal*, at p. 621.) Where the record is silent, " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Jameson*, at p. 609, quoting *Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127). That Jennings represents himself does not exempt him from these rules. (See, e.g., *Deal*, at pp. 619, 621-622; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) In the absence of a complete record, we must assume that the record contains substantial evidence supporting the trial court's order declaring Jennings a vexatious litigant.

In any case, the record we do have supports the conclusion that Jennings "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).) For example, in *Jennings 1*, Jennings repeatedly refused to appear at noticed depositions, necessitating two motions by the Association to compel his appearance and nearly two years of litigation to get him to attend his own deposition. He failed to attend his deposition in January 2023, then voluntarily dismissed his complaint the day before the rescheduled

---

[3] For the same reason, we reject Jennings's argument that the trial court order was legally deficient for failing to make "[r]equired [f]indings." *Goodrich v. Sierra Vista Regional Medical Center* (2016) 246 Cal.App.4th 1260, cited by Jennings, reinforces that a reviewing court is "required to . . . *imply* findings necessary to support th[e] [vexatious litigant] designation." (*Id.* at pp. 1265-1266, italics added.)

6

deposition in March 2024, in an attempt to justify his non-attendance. He frivolously claimed that the dismissal of his complaint mooted the need for the deposition, but, as the trial court explained in granting the Association's motion to compel, the action nonetheless remained pending in light of the live cross-complaint. After the court ordered Jennings to appear for his deposition on May 17, 2024, he violated the order and failed to appear for his deposition a third time. He then filed an ex parte motion for a protective order in connection with the deposition. When the court sanctioned Jennings in September 2024 for disobeying its order, he filed an appeal from the order even though it was not appealable. There are other examples, too, that support the trial court's decision.

Jennings has not met his burden of establishing that the trial court abused its discretion.

## C.

Jennings further asserts two due process challenges. He contends that he was deprived of a hearing before a prepared adjudicator and that the vexatious litigant order violates his right to mount a legitimate defense. Reviewing these questions de novo (see *Cardona v. Soto* (2024) 105 Cal.App.5th 141, 150), his arguments lack merit.

Again, Jennings's failure to provide an adequate appellate record is fatal. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.) Without a hearing transcript, we are unable to assess his allegation that he was deprived of a meaningful hearing due to the trial court's purported lack of preparation. And contrary to his allegation, the trial court's order states that the court "carefully considered the filings of" the instant litigation, *Jennings 1*, *Jennings 2*, *Jennings 3*, and *Jennings 4*, as well as the filings accompanying Song's motion before issuing its order. Jennings provides no basis for questioning the accuracy of the trial court's statement.

7

Further, Jennings is incorrect that the vexatious litigant order violates his right to mount a meritorious defense. As explained, the trial court did not penalize him for meritorious, nonfrivolous litigation. (Cf. *Karnazes v. The Lauriedale Homeowners Assn.* (2023) 96 Cal.App.5th 275, 280-281 [observing that " '[t]he [imposition of a] "prefiling requirement 'does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs.' " ' "].) Nor has the trial court prevented Jennings from filing any defensive motions or taking any other action as a defendant in litigation. Instead, the prefiling order prohibits Jennings "from filing any **new litigation** in the Courts of this State in propria persona without first obtaining [l]eave."

**D.**

Finally, Jennings contends for the first time on appeal that the equitable doctrine of unclean hands precludes Song from obtaining a vexatious litigant order against him because she failed to comply with prefiling requirements under Civil Code section 5910.1 and Code of Civil Procedure section 761.020.

Because he did not raise this argument in the trial court, it has been forfeited. In his opposition to Song's vexatious litigant motion, Jennings made a different unclean hands argument from the one he advances on appeal: he contended that unclean hands precluded the granting of the motion because Song was a vexatious litigant based on the conduct of her attorney, who allegedly filed, in the space of seven years, "9 [v]exatious [a]ctions . . . solely to harass" homeowners' associations and others. Jennings did not argue that Song's alleged violations of Civil Code section 5910.1 and Code of Civil Procedure section 761.020 precluded declaring him a vexatious litigant, and the trial court therefore never had an opportunity to make the fact-specific evaluation necessary under the unclean hands doctrine. We

8

therefore decline to do so for the first time on appeal. (See *Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th 1031, 1044 [stating that where "[t]he trial court issued no ruling on" a party's unclean hands argument, the court of appeal "will not do so for the first time on appeal"].)

We need not, and do not, decide whether the doctrine of unclean hands applies in this context.

## DISPOSITION

The trial court's January 28, 2025 vexatious litigant order is affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P. J.
SIMONS, J.

*Song et al. v. Jennings* (A172918)

9